RAYMOND EUGENE PIERSON *v.* GEORGE W. PHEND, SUPERIN-
TENDENT OF INDIANA STATE REFORMATORY AND
STATE OF INDIANA.

[No. 777S505. Filed August 14, 1978.]

*Harriette Bailey Conn,* Public Defender of Indiaa, *Susan K. Carpenter,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *David A. Arthur,* Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Pierson was sentenced from the Fayette Circuit Court in August, 1974, to a determinate term of ten years imprisonment for the crime of commission of a felony while armed. He originated the present action as a habeas corpus petition in the Madison Superior Court in December, 1976, asking that a "minimum custody status" in the Indiana Reformatory, which he had once enjoyed, be restored by the trial court. After hearing appellant's evidence, the trial court denied this relief on February 7, 1977, and the present appeal follows.

At the outset, it should be recognized that the present action was improperly brought as a writ of habeas corpus, and that the trial court had no jurisdiction to grant habeas corpus relief to this petitioner. One is entitled to habeas corpus only if he is entitled to immediate release from unlawful custody. *Hawkins* v. *Jenkins,* (1978) 268 Ind. 137, 374 N.E.2d 496. He can only obtain a discharge through habeas corpus, not a modification of his commitment. *Id. See also Shoemaker* v. *Dowd,* (1953) 232 Ind. 602, 115 N.E.2d 443. The sole issue in this case concerns an intra-institutional transfer, a matter wholly outside the scope of habeas corpus relief.

On the merits of the present petition, the evidence is that appellant Pierson was admitted to an outside dormitory at the Indiana Reformatory on August 12, 1976. During an institutional investigation on November 29, 1976, he was returned from the outside dormitory to "J-Hold," a dormitory inside the reformatory walls. Appellant has not been charged with, or found responsible for, any violation of institutional rules. The reason for the change in his institutional environment was apparently never reduced to writing at any time. This change apparently resulted in a greater restriction on appellant's freedom of movement than that which he en-

joyed in the more "minimum security" of the outside dormitory. However, there is no evidence of detrimental entries having been made in appellant's institutional file, and he has not been deprived of good time credits, parole consideration, recreation, or any other opportunity or privilege in the institution. The sole detriment alleged by appellant Pierson in his removal from the outside dormitory, and the sole relief which he seeks on this writ and this appeal in return to such outside dormitory.

Appellant's argument is that what has happened to him amounts to a "grievous loss" of "freedom of movement." The institution's action is characterized as an arbitrary and punitive measure which necessitates minimal standards of procedural due process to be followed before such dormitory transfers, pursuant to *Wolff* v. *McDonnell,* (1974) 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935. It is essentially argued that the "institutional policy" created a "liberty interest" in appellant Pierson, as a matter of either right or justifiable expectation. In sum, if appellant's arguments were true, every intra-institutional transfer of an inmate to less favorable conditions would give rise to a constitutionally cognizable interest, which could not be taken back without adherence to due process standards, and which consequently would in each instance be subject to judicial review.

The cases of *Meachum* v. *Fano,* (1976) 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451, and *Montayne* v. *Haymes,* (1976) 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466, effectively answer appellant's arguments based on *Wolff* v. *McDonnell.* Both *Meachum* and *Montayne* dismissed due process claims based on transfers of prisoners to different facilities within state prison systems. The gist of these cases is that in the absence of a state statute or regulation creating some right or justifiable expectation in a prisoner, that he will not be transferred except upon misbehavior or other specified events, the prison authorities have

discretion to transfer prisoners for any number of reasons, punitive or not, or for no reason at all. The expectation of a prisoner that he will remain at a particular facility is too ephemeral and insubstantial to trigger procedural due process standards in such transfers. In the present case, we have been cited to no state statute or regulation which would give rise to any expectation in appellant Pierson concerning his commitment at any particular institution or facility within the Indiana prison system. In the absence of such a state-created interest, no "grievous loss" of any "liberty" interest was suffered by appellant Pierson in the transfer here alleged. *cf. Dunn* v. *Jenkins,* (1978) 268 Ind. 478, 377 N.E.2d 868, 876; *Jones* v. *Jenkins,* (1978) 267 Ind. 619, 372 N.E.2d 1163, 1165. The trial court thus properly denied relief to appellant on the substantive merits of his claim.

The judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 379 N.E.2d 442.