**Henry Clay JENNINGS, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

**No. 977S657.**

Supreme Court of Indiana.

May 17, 1979.

Harriette Bailey Conn, Public Defender, Susan K. Carpenter, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of habeas corpus relief. Petitioner (Appellant) was convicted in 1973 of murder in the second degree and sentenced to life imprisonment. His conviction was affirmed by this Court on direct appeal. *Jennings v. State*, (1974) 262 Ind. 476, 318 N.E.2d 358. On December 9, 1976, petitioner filed a *pro se* "Verified Petition for Writ of Habeas Corpus" in the Madison County Circuit Court. After a hearing on the merits, judgment was rendered against the petitioner. He presents the following issues for review:

(1) Whether it was unlawful or unconstitutional to deny good time credits to those inmates serving life sentences.

(2) Whether it was unconstitutional to deny certain rehabilitative services to those inmates serving life sentences.

■ One is entitled to a writ of habeas corpus only if he is entitled to *immediate* release from unlawful incarceration. *Pierson v. Phend*, (1978) Ind., 379 N.E.2d 442; *Dunn v. Jenkins*, (1978) Ind., 377 N.E.2d 868; *Hawkins v. Jenkins*, (1978) Ind., 374 N.E.2d 496. Petitioner does *not* assert that he is entitled to immediate release, but, rather, he states that the requested relief may ultimately result in an earlier parole. Therefore habeas corpus will not lie. However, we elect to treat the petition as one for post conviction relief, and proceed to consider the merits. *See Hawkins v. Jenkins, supra*, at 499 and *Dunn v. Jenkins, supra*, 377 N.E.2d at 871.

\* \* \* \* \* \*

## ISSUE I

■ Petitioner asserts that he is entitled to receive good time credit in accordance with Ind.Code § 11–7–7–1 (Burns 1973) (Acts 1955, ch. 160, § 1, p. 311 [repealed 1974]). This statute, however, governed the allocation of good time credits for those inmates serving *indeterminate* sentences. Petitioner is serving a *life* sentence. In *Jones v. Jenkins*, (1978) Ind., 372 N.E.2d 1163, we rejected a parallel argument that an inmate serving a like sentence should receive good time credits on the same basis as those inmates serving *determinate* sentences. Furthermore, we stated:

" * * * a life sentence is neither determinate nor indeterminate. *Brown v. State,* (1975) 262 Ind. 629, 322 N.E.2d 708." 372 N.E.2d at 1164.

Ind.Code § 11–7–7–1 depicts no intention on the part of the Legislature to provide good time credit to an inmate sentenced to life imprisonment. Petitioner's argument is rejected.

■  Ind.Code § 11–7–7–1 was replaced by Ind.Code § 11–7–6.1–2 (Burns Supp. 1977) (Acts 1974, P.L. 43, § 1, p. 181 [repealed 1976]) which provided as follows:

"11–7–6.1–2. Classification of inmates—Schedule of good time earned [Repealed effective October 1, 1977].—Every inmate who is now or hereafter may be confined, upon conviction of a felony, in a correctional institution under the supervision of the Indiana department of correction, *except those inmates under sentence of death or life imprisonment,* shall at all times during such confinement be assigned to one (1) of the following four (4) time earning classes and shall be entitled to a diminution of time from his or her sentence as indicated in the following table for the respective months of his or her sentence, prorated for any part of a month, including time being served for unpaid fines or costs. Class assignments shall be made in accordance with the procedure provided in this chapter [11–7–6.1–1—11–7–6.1–8]. This good time shall apply both toward an inmate's discharge date and his parole eligibility date." (Emphasis added.)

Petitioner asserts that, to the extent that this statute denies good time credit to inmates serving life sentences, it violates his rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 23 of the Indiana Constitution. We disagree.

The same issue was recently decided by this Court in *Jones v. Jenkins, supra,* wherein we held that this statute's disparate treatment of "lifers" viz a viz "non-lifers" was supported by a legitimate state interest and, therefore, does not violate equal protection.

Petitioner also asserts that this same statute violates his rights under the Eighth Amendment of the United States Constitution and is contrary to Sections 22 and 23 of Article IV and Section 18 of Article I of the Indiana Constitution. However, his argument for this proposition is cursory only and we reject it as being without supporting authority or apparent merit.

### ISSUE II

■  Evidence introduced at the hearing demonstrated that "lifers" and "non-lifers" are treated somewhat differently in certain other respects, to-wit: "lifers" do not receive an initial evaluation and rehabilitation plan by the Department of Correction's Reception-Diagnostic Center; their behavior is not evaluated periodically; and they are the last to be considered for educational and vocational programs. Petitioner asserts that this disparate treatment is unconstitutional in several respects.

First, he contends that this dichotomy of treatment violates the Equal Protection Clause. For the same reasons cited in Issue I, we disagree. This type of sentencing and treatment classification is a benefit conferred by the State unto certain prisoners and, in order for it to be sustained, the State need only show that there is a rational basis for the classification. We stated the justification for the disparate treatment in *Jones v. Jenkins, supra* :

" * * * Our legislature has determined that the dangerousness of those persons sentenced to life imprisonment necessitates a different type of release program than that used with non-lifers, and this distinction is constitutional." 372 N.E.2d at 1166.

Petitioner asserts that this disparate treatment also violates the Eighth Amendment prohibition against cruel and unusual punishment "in that it unnecessarily deprives an inmate of the opportunity to achieve rehabilitation as well as the chance to prove his rehabilitation and benefit from such proof." However, no authority has been cited in support of this proposition of

law, and the case law holds otherwise. *French v. Heyne*, (7th Cir. 1976) 547 F.2d 994.

■ His final argument is that the denial of certain rehabilitative services violates Article I, Section 18 of the Indiana Constitution. Section 18 reads as follows:

"§ 18. Reformation as basis of penal code.—The penal code shall be founded on the principles of reformation, and not of vindictive justice."

Petitioner testified at the hearing that he did not receive an initial evaluation from the Reception-Diagnostic Center, that his work and behavior record is not regularly evaluated, and that he is not receiving any educational or vocational training. However, he did state that he works in the "Writ-Room" of the reformatory for $6 per month, that he talks to his prison counselor almost every day, and that he is allowed to have family visitors. As one under a life sentence, the petitioner's ultimate release is dependent entirely upon executive clemency, which may be exercised, or withheld, at the will of the Governor. We are aware of no authority suggesting that the equal protection provision of either constitution can dilute this awesome prerogative. A state parole officer testified that the clemency commission will not consider a petition for clemency from an inmate sentenced to life imprisonment until that inmate has been incarcerated at least ten years. The Department of Correction limits the availability of the above mentioned rehabilitative services until such time as petitioner is entitled to apply for clemency. Once an inmate has applied for clemency, however, he becomes immediately eligible for the additional services. Thus, as a matter of practicality, those inmates with a significant chance of release in the near future are given such services. We cannot say that this policy is unreasonable or that it violates Section 18.

We affirm the judgment of the trial court.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.