Henry Wesley COTTINGHAM, Appellant,

v.

STATE of Indiana, Appellee.

No. 679S152.

Supreme Court of Indiana.

July 21, 1981.

Rehearing Denied October 9, 1981.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Cottingham was convicted of armed robbery in the Allen Superior Court and was sentenced to twenty-five (25) years in prison on March 16, 1973. Upon appeal to this Court, his conviction was affirmed. *Cottingham v. State*, (1973) 261 Ind. 346, 303 N.E.2d 268. After filing a petition for post-conviction relief, appellant was allowed to file a belated motion to correct errors. *Cottingham v. State*, (1977) 266 Ind. 64, 360 N.E.2d 189. The denial of his petition, which had alleged incompetency of counsel, was affirmed in *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984. Another trial court hearing was held on appellant's motion for post-conviction relief under Ind. R.P.C. 1; such motion was denied in March, 1979. The present appeal follows from that denial.

The sole question presented by appellant for review is whether the 1977 change in the Penal Code, which, among other things, awarded good time credit for presentence incarceration, should be applied retroactively. The State raises an additional issue: namely, whether appellant failed to follow the proper procedure for post-conviction relief.

In *Dunn v. Jenkins*, (1978) 268 Ind. 478, 377 N.E.2d 868, petitioners sought modification of their sentences pursuant to the provisions of the new good time statute. This Court held that the trial court had correctly treated the petitions for habeas corpus as being "in fact petitions for post-conviction relief pursuant to Indiana PC. 1, § 1(a)(5). . . ." *Id.* at 479, 377 N.E.2d at 870. Appellant here also seeks modification of his sentence pursuant to the new good time statute.

Appellant was sentenced to twenty-five years in prison on March 16, 1973. From

106

the time of his arrest, up to and including the day of sentencing, appellant was confined in the county jail for 213 days. The trial judge credited the 213 days to appellant's sentence. In October, 1977, the Penal Code was amended so that a person imprisoned for a crime or *confined awaiting trial or sentencing* is entitled to good time credit. [Ind. Code § 35–50–6–4, as added by Acts 1976, P.L. 148, § 8; 1977, P.L. 340, § 135; 1979 P.L. 120, § 12]. There are three classifications for awarding good time credit: class I earns one (1) day of credit time for each day a person is imprisoned or confined; class II earns one (1) day of credit time for every two (2) days a person is imprisoned or confined; and class III earns no credit time. Ind.Code § 35–50–6–3 (Burns 1979). Appellant wants the new good time statute applied retroactively so that he is awarded good time credit based upon one of the available classes and the 213 days he was confined prior to sentencing.

Appellant cites *Brown v. State*, (1975) 262 Ind. 629, 322 N.E.2d 708 in support of his request. *Brown* dealt with the 1972 change in the criminal code that credited any time spent in confinement, prior to sentencing, towards service of sentence. Ind. Code § 35–8–2.5–1 *et seq.* (Burns 1972), repealed by Acts 1978, P.L. 2, § 3555. In *Brown*, this Court sustained an equal protection challenge by holding that persons serving time prior to the enactment of the statute were entitled to credit for time spent in jail awaiting trial, as well as persons who received their sentences after passage of the statute. Appellant argues that failure to retroactively apply the new good time statute to persons in his situation is also a denial of equal protection. We disagree.

■ There are major differences between *Brown* and the case at bar. First of all, an inmate has no constitutional right to receive good time credit. *Wolff v. McDonnell*, (1974) 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935; *Dunn v. Jenkins*, (1978) 268 Ind. 478, 377 N.E.2d 868. This differs greatly from the constitutional right to

"liberty" found in *Brown*. This Court felt that presentence confinement was a form of punishment and should serve to satisfy a criminal judgment. *Brown*, 262 Ind. at 633, 322 N.E.2d at 711. The statute in *Brown* created two classes: one class consisting of persons convicted prior to the effective date and the other class consisting of persons convicted after the effective date. The fundamental right to be at liberty was affected by the decision to deny retroactive application of the statute unless the State could show a compelling governmental interest which the State failed to do. *Id., citing Shapiro v. Thompson*, (1969) 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600; *Sumpter v. State*, (1974) 261 Ind. 471, 306 N.E.2d 95. In addition, the legislature had been entirely silent as to any retroactive effect of the statute in *Brown* and had merely made a general statement of public policy in giving credit for time spent in jail awaiting trial. *Dunn, supra*, 268 Ind. at 488, 377 N.E.2d at 875.

■ In the case at bar we have an entirely different situation. Initially no good time credit was awarded for the amount of days imprisoned until after sentencing. In contrast to the legislative silence as to retroactive effect in *Brown*, the legislature stated in Acts 1977, P.L. 340, § 149 at 1610:

"(e) Neither this Act nor Acts 1976, P.L. 148 affects the amount of good time a person has earned under diminution of sentence statutes in effect before October 1, 1977. After September 30, 1977, a person imprisoned under statutes in effect before October 1, 1977, is entitled to diminution of his sentence according to the credit time class to which he is assigned by this SECTION or to which he may be reassigned under IC 35–50–6."

Clearly, the intent of the legislature was to preserve the amount of good time each person had accumulated by October 1, 1977. The reclassification would not result in the diminishing of any good time credit but it also would not result in any additional good time awarded to persons who were incarcerated prior to sentencing before October 1, 1977. This Court has held that good time

credit for satisfactory behavior is a state-created right and that any concept of "liberty" attaches to such credits only when the state, in fact, *grants* them. *Jones v. Jenkins,* (1978) 267 Ind. 619, 623, 372 N.E.2d 1163, 1165. Since the fundamental right to liberty was not at stake in *Jones, supra,* the rational basis test was applicable to the equal protection challenge raised by a defendant who was not entitled to good time credit because he was serving a life sentence. *Id.*

In the case at bar the analysis is the same. Good time credits are still not constitutionally required; "liberty" still attaches only when the credits are actually given. *McGinnis v. Royster,* (1973) 410 U.S. 263, 93 S.Ct. 1055, 35 L.Ed.2d 282 dealt with an equal protection challenge to a New York statute which denied good time credit to certain state prisoners during presentence incarceration in county jails while at the same time awarded good time credit for presentence incarceration in the penitentiaries. The United States Supreme Court held that only a rational basis was necessary to sustain such statutes and that the inquiry is "only whether the challenged distinction rationally furthers some legitimate, articulate state purpose...." Id. at 269–70, 93 S.Ct. at 1059, 35 L.Ed.2d at 288–89.

Appellant does not allege that it was a denial of equal protection to deny good time credit for presentence incarceration but in turn award it for post-sentence incarceration prior to October 1, 1977. Rather, appellant alleges that it is violative of the equal protection clause to fail to go back and award good time credit for presentence incarceration after the passage of the new law. A recomputation of the good time credit that may possibly accrue to every prisoner who had been a pre-trial detainee prior to October 1, 1977, would be a heavy burden to bear. Unlike the situation in *Brown, supra,* where the crediting of presentence jail time can easily be done by the Department of Corrections upon verification by the county of conviction of the presentence incarceration, the crediting of good time towards diminution of sentence for presentence confinement prior to October 1, 1977 may be impossible. Adequate records may not have been kept as to whether or not a defendant behaved in a satisfactory manner. The administrative costs would be excessive and recalculation of good time credits would have to be done every time the legislature decided to experiment in this area. The law as it stands today serves to affect the legislative goals with a reasonable amount of administrative inconvenience and no unfairness, in the constitutional sense, to any prisoner.

In light of a rational basis purpose, it was not error for the trial court to deny appellant's petition for the awarding of good time credit for presentence incarceration prior to October 1, 1977.

The judgment of the trial court is affirmed.

All Justices concur.