James **HENDRIX**, Appellant,

v.

Jack **DUCKWORTH**, Appellee.

No. PS490.

Supreme Court of Indiana.

Dec. 21, 1982.

James Hendrix, pro se.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

This is an appeal from the denial of Appellant's Petition for Habeas Corpus Relief. On October 16, 1973, Appellant James Hendrix was convicted of first degree murder by a jury in the Saint Joseph Circuit Court. Appellant was subsequently sentenced to a term of life imprisonment on November 9, 1973. On February 22, 1982, Appellant filed *pro se* a Verified Petition for Writ of

Habeas Corpus in the LaPorte Circuit Court. Said Petition was promptly denied for failure to state a cause of action. Appellant next filed a timely Motion to Correct Errors which was also promptly denied. Appellant now appeals from the trial court's denial of his Motion and raises the following issue for our review:

1. whether it is unconstitutional to deny good time credit as provided by Ind.Code § 11–1–1–9.1(a) (Burns Supp.1980) to a prisoner serving a term of life imprisonment for first degree murder.

■ At the outset we note that although Appellant correctly filed his Verified Petition, his Petition is not in fact a proper petition for a writ of Habeas Corpus. A prisoner can obtain a discharge of his sentence through Habeas Corpus relief, not a modification of his commitment as Appellant hereby seeks. *Dunn v. Jenkins,* (1978) 268 Ind. 478, 480, 377 N.E.2d 868, 870; *Hawkins v. Jenkins,* (1978) 268 Ind. 137, 139, 374 N.E.2d 496, 498. Furthermore, this Court has held that no court has jurisdiction to entertain a Habeas Corpus petition unless such petition alleges that the petitioning prisoner is entitled to immediate discharge. *Dunn v. Jenkins, supra; Hawkins v. Jenkins, supra; Hendrixson v. Lash,* (1972) 258 Ind. 550, 282 N.E.2d 792, *cert. denied,* (1973) 410 U.S. 967, 93 S.Ct. 1450, 35 L.Ed.2d 702. Having thoroughly reviewed the briefs and the slim record in this case, we find that Appellant nowhere shows or even alleges that he is presently entitled to immediate discharge as a matter of law. Accordingly, we find that Appellant's Petition cannot lie for a writ of Habeas Corpus. *See: Jennings v. State,* (1972) 270 Ind. 699, 700, 389 N.E.2d 283, 284.

■ Appellant hereby seeks a modification of his sentence. He neither challenges his conviction nor his life sentence, matters which have already been fully litigated and resolved contrary to his favor. *Hendrix v. State,* (1974) 262 Ind. 309, 315 N.E.2d 701, *reh. denied.* This Court has on occasion treated improper petitions for Habeas Corpus relief as being petitions for post-conviction relief pursuant to Ind.R.P.C. 1, § 1(a)(5). *Cottingham v. State,* (1981) Ind.,

424 N.E.2d 105, *reh. denied; Dunn v. Jenkins, supra.* The pertinent portions of Ind. R.P.C. 1, § 1, are as follows:

"(a) Any person who has been convicted of, or sentenced for, a crime by a court of this State, and who claims:

. . . . .

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint;

. . . . .

may institute at any time a proceeding under this Rule to secure relief."

Appellant stated the following as his reason for seeking relief:

"That Respondents continuously deprives (sic) petitioner of a fundamental right of liberty by use of the exclusionary provisions of the State's good and credit time statutes without showing any compelling state interests, and without regard for due process and equal protection requirements provided by Indiana's Constitution Article 1, § 23, and the Fourteenth Amendment of the U.S. Constitution."

The relief Appellant seeks is apparently prospective in nature. We do not find that Appellant has specifically claimed that "he is otherwise unlawfully held in custody or other restraint." Accordingly, we find that Appellant's Petition cannot lie for an order for post-conviction relief.

■ Despite the fact that Appellant has presented nothing proper for our review, we will nonetheless exercise our judicial discretion and address Appellant's issue so as to discourage him from any further futility. Appellant alleges that he has been denied certain constitutional rights because the State has failed to apply good time credit towards his parole eligibility date pursuant to Ind.Code § 11–1–1–9.1(a). Contrary to Appellant's convoluted analysis, Ind.Code § 11–1–1–9.1(a) never mandated good time credit to any group but rather established parole eligibilities for various categories of felons. Although the statute once applied to Appellant to the extent that it made Appellant eligible for parole upon his completion of twenty years of imprison-

ment, it did not convert Appellant's life sentence into an indeterminate term of twenty years to life. We have consistently held that a life sentence is neither determinate nor indeterminate. *Jennings v. State, supra; Jones v. Jenkins,* (1978) 267 Ind. 619, 621, 372 N.E.2d 1163, 1164; *Brown v. State,* (1975) 262 Ind. 629, 634, 322 N.E.2d 708, 711.

The constitutionality of Ind.Code § 11–1–1–9.1(a) is now a moot issue as that statute was repealed effective October 1, 1980. While Appellant relied solely upon Ind.Code § 11–1–1–9.1(a), we recall that this Court has already determined that neither Ind. Code § 11–7–7–1 (Burns 1973) [in force May 1, 1955; repealed effective February 19, 1974] nor Ind.Code § 11–7–6.1–2 (Burns Supp.1977) [in force February 19, 1974; repealed effective October 1, 1977] provided good time credit to an inmate sentenced to life imprisonment. *Jennings v. State, supra.* The statute now pertinent to Appellant is Ind.Code § 11–13–3–2 (Burns 1981). The applicable portions thereof are:

"11–13–3–2. Eligibility for parole and discharge—Reinstatement after revocation of parole.—. . .

(b) Parole and discharge eligibility for offenders sentenced for offenses under laws other than IC 35–50 [35–50–1–1—35–50–6–6] is as follows: . . .

(3) A person sentenced upon conviction of first degree murder or second degree murder to a term of life imprisonment is eligible for consideration for release on parole upon completion of twenty [20] years of time served on the sentence. A person sentenced upon conviction of a felony other than first degree murder or second degree murder to a term of life imprisonment is eligible for consideration for release on parole upon completion of fifteen [15] years of time served on the sentence. A person sentenced upon conviction of more than one felony to more than one term of life imprisonment is not eligible for consideration for release on parole under this section. *A person sentenced to a term of life imprisonment does not earn credit time with respect to that term.*" (emphasis added).

Appellant clearly has never been, and is not now, entitled to good time credit having been sentenced to a term of life imprisonment.

This Court has held that there exists a compelling state interest sufficient to justify the disparate treatment of "lifers" and "non-lifers" by the Department of Corrections. *Jennings v. State,* 270 Ind. at 702, 389 N.E.2d at 285; *Jones v. Jenkins,* 267 Ind. at 623, 372 N.E.2d at 1165. We so held because the legislative intent to deny "lifers" good time credit is rationally based upon practical experience and clearly advances the reasonable state interest of protecting the public from the extreme dangerousness of people sentenced to life imprisonment. We also have held that a prisoner has no constitutional right to good time credit. *Cottingham v. State,* 424 N.E.2d at 106; *Dunn v. Jenkins,* 268 Ind. at 491, 377 N.E.2d at 876.

Finding that Appellant has failed to present a cause of action for the above stated reasons, we affirm the trial court.

GIVAN, C.J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.