**Lonnie WICKLIFFE, Petitioner,**

v.

**Dick CLARK, Warden; and Indiana Attorney General, Respondents.**

**Civ. No. S 90–343.**

United States District Court,
N.D. Indiana,
South Bend Division.

Feb. 8, 1991.

Lonnie Wickliffe, pro se.

Lisa McCoy, Office of Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

On July 12, 1990, *pro se* petitioner, Lonnie Wickliffe, an inmate at the Indiana State Prison, filed a petition seeking relief under 28 U.S.C. § 2254. The return filed by the respondents on January 8, 1991, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982).

The petitioner does not challenge the basis of his confinement at the Indiana

state law. This question the court answers in the negative.

State Prison. What is involved in this case is not one, but three efforts at reviewing decisions of an adjustment board at the Indiana State Prison which apparently has now become the regular and routine obligation of this court under *Harris v. Duckworth,* 909 F.2d 1057 (7th Cir.1990). It is not disputed that this petitioner is serving a life sentence for first degree murder which commenced in 1975. It is also not disputed that an inmate serving a life sentence under the law of Indiana is not entitled to good time credit. *See Hendrix v. Duckworth,* 442 N.E.2d 1058, 1060 (Ind. 1982).

The CAB determinations that are referred to in this record occurred on June 26, 1987, August 5, 1988, and March 28, 1990. There is documentation in the record with reference to all three. Probably this opinion should simply end with the citation of *Hendrix v. Duckworth,* 442 N.E.2d at 1060. However, in the interest of the greatest of caution, this court will make an examination of the CAB proceedings under *Supt., Mass. Corr. Institution at Walpole v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), and *Wolff v. McDonnell,* 418 U.S. 539, 571, 94 S.Ct. 2963, 2982, 41 L.Ed.2d 935 (1974).

 To the extent that this petitioner may be arguing about the present distinctions in the law of Indiana between so-called "lifers" and so-called "non-lifers", that distinction is certainly upheld by the Supreme Court of Indiana in *Jennings v. State,* 270 Ind. 699, 389 N.E.2d 283, 285 (1974). In a comparable setting, the Court of Appeals of this circuit in *French v. Heyne,* 547 F.2d 994 (7th Cir.1976), failed to find a violation of either the Due Process or the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States. There is no basic constitutional right as such to guarantee good time credit for good behavior while incarcerated. Obviously, the states may create such state statutory rights. The Equal Protection and Due Process argument was made without success in a similar situation in *Thornton v. Hunt,* 852 F.2d 526, 527 (11th Cir.1988). *Thornton* has been honored in this circuit in *Pryor v. Brennan,* 914 F.2d 921 (7th Cir.1990).

 On January 17, 1991, the petitioner filed a motion for a jury trial. It is elementary and beyond dispute that no right to a trial by jury exists under proceedings filed in a United States district court under 28 U.S.C. § 2254 and that request is now considered and DENIED. The petitioner's motion for judgment on the pleadings filed on January 11, 1991, is now rendered MOOT by this decision.

The petition is DENIED WITHOUT PREJUDICE. IT IS SO ORDERED.