953 F.2d 646
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lonnie WICKLIFFE, Plaintiff/Appellant,
v.
James E. AIKEN, John L. Nunn, and James Wynn, et al.
Defendants/Appellees.
Lonnie WICKLIFFE, Petitioner/Appellant,
v.
Dick CLARK, Warden, and Indiana Attorney General,
Respondents/Appellees.
 Nos. 90-2389, 91-1389.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1991.*
Decided Jan. 29, 1992.
Rehearing and Rehearing In Banc
Denied April 23, 1992.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Lonnie Wickliffe appeals the district court's decisions in two cases, which have been consolidated for disposition on appeal. Two issues are before us. The first is whether the district court erred in denying Wickliffe's habeas corpus petition (28 U.S.C. § 2254), in which he claimed he had been unconstitutionally denied "good-time" credit against his life sentence. The second issue is whether the district court erred when it found that Wickliffe's due process rights were not violated when he was transferred between prisons without a hearing. This claim comes under 42 U.S.C. § 1983.[1]
 
 I. Good-Time Credit
 
 2
 Wickliffe's claim that he was unconstitutionally denied good-time credit fails.[2] Prisoners do not have a constitutional right to good-time credit, though a state could choose to create such a right. Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 2975 (1974). Indiana does not extend good-time credit to prisoners who, like Wickliffe, are serving life sentences. Hendrix v. Duckworth, 442 N.E.2d 1058 (Ind.1982); Ind.Code § 11-13-3-2(b)(3) ("A person sentenced to life imprisonment does not earn credit with respect to that term."). This distinction between so-called "lifers" and other prisoners is constitutional, being rationally related to a legitimate governmental interest in protecting the public. Pryor v. Brennan, 914 F.2d 921 (7th Cir.1990); Jennings v. State, 270 Ind. 699, 389 N.E.2d 283 (1979).
 
 II. Transfer
 
 3
 Wickliffe's civil rights claim regarding his transfer also fails. A prisoner has no liberty interest in remaining in a certain institution unless the state creates one. Meachum v. Fano, 427 U.S. 215 (1976); Caldwell v. Miller, 790 F.2d 589, 603 (7th Cir.1986); see also Wallace v. Robinson, 940 F.2d 243, 248-49 (7th Cir.1991) (en banc). Indiana has not created such an interest. Shropshire v. Duckworth, 654 F.Supp. 369, 373 (N.D.Ind.1987).
 
 
 4
 Accordingly, the decisions of the district court are
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 It is difficult to tell exactly what claims Wickliffe is making, but the district court assumed that these were his claims, and, as he has not challenged that court's interpretation of his complaint, we assume it was correct
 
 
 [2]
 Specifically, Wickliffe asserts that at one point he had accumulated nine and one-half years of good time credit, but lost this credit in 1986 through a denial of his due process rights