## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2020, 9:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Wendell Brown
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
David A. Arthur
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Wendell Brown a/k/a Menes Ankh El,

*Appellant-Petitioner,*

v.

Robert E. Carter, Jr.,

*Appellee-Respondent.*

July 27, 2020

Court of Appeals Case No. 19A-MI-2684

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No. 33C02-1805-MI-90

**Kirsch, Judge.**

Wendell Brown[1] ("Brown"), pro se, appeals the trial court's denial of his petition for writ of habeas corpus. Brown is currently on parole from the New Castle Correctional Facility, and he raises several issues, which we revise and restate as:

I. Whether the trial court abused its discretion when it denied Brown's motion to amend;

II. Whether Brown's contentions regarding parole revocation were moot;

III. Whether the trial court correctly denied immediate release to Brown; and

IV. Whether Indiana's good time and parole laws are consistent and constitutional.

We affirm.

## Facts and Procedural History

This appeal involves the relationship among Brown's sentences in three cases: (1) Cause Number 49G04-1204-FC-25485 ("Cause No. 25485"); (2) Cause Number 49G04-1208-FC-59353 ("Cause No. 59353"); and (3) Cause Number: 49G04-1502-F5-3976 ("Cause No. 3976"). The State submitted with its

---

[1] Brown appears to have adopted the name Menes Ankh El. The motions panel of this court denied his request to correct the records to show his name as Menes Ankh El on May 28, 2020. *Odyssey.* While we recognize that Brown refers to himself as Menes Ankh El, we will continue to refer to him as Brown.

response to Brown's petition for writ of habeas corpus a printout from the offender information system ("OIS exhibit"), which sets forth the dates each of Brown's sentences began, the parole date for each sentence, and each sentence's discharge date as follows:

| S | SENT NO | CSEC TO | OFFENSE TYPE | SENTENCE TERM | EDS | PRD | MRD/ DCHG |
|---|---|---|---|---|---|---|---|
| | 001 | FC26 | FORGERY,COUNTERFE | 02-00-00000 | 09-13-2013 | 09-12-2015 | 09-12-2015 |
| | 002 | FD40 | INTIMIDATION | 02-00-00000 | 09-13-2013 | 09-12-2015 | 09-12-2015 |
| | 003 | FD40 | INTIMIDATION | 02-00-00000 | 09-13-2013 | 09-12-2015 | 09-12-2015 |
| | 004 | FD40 | INTIMIDATION | 02-00-00000 | 09-13-2013 | 09-12-2015 | 09-12-2015 |
| | 005 | FD40 | INTIMIDATION | 02-00-00000 | 09-13-2013 | 09-12-2015 | 09-12-2015 |
| | 006 | FC26 | FORGERY,COUNTERFE | 04-00-00000 | 07-05-2014 | 07-04-2016 | 07-04-2018 |
| | 007 | FC26 | FORGERY,COUNTERFE | 04-00-00000 | 07-05-2014 | 07-04-2016 | 07-04-2018 |
| | 008 | FC26 | FORGERY,COUNTERFE | 04-00-00000 | 07-05-2014 | 07-04-2016 | 07-04-2018 |
| | 009 | FC26 | FORGERY,COUNTERFE | 04-00-00000 | 07-05-2014 | 07-04-2016 | 07-04-2018 |
| | 010 | FC07 | BURGLARY | 04-00-00000 | 08-17-2013 | 08-17-2015 | 08-16-2017 |

| S | SENT NO | CSEC TO | OFFENSE TYPE | SENTENCE TERM | EDS | PRD | MRD/ DCHG |
|---|---|---|---|---|---|---|---|
| | 010 | FC07 | BURGLARY | 04-00-00000 | 08-17-2013 | 08-17-2015 | 08-16-2017 |
| | 011 | FC26 | FORGERY,COUNTERFE | 04-00-00000 | 08-17-2013 | 08-17-2015 | 08-16-2017 |
| | 012 | 6 F5-AT | FRAUD FINANCIAL I | 05-00-00000 | 07-05-2016 | 04-04-2020 | 07-04-2021 |

*Appellee's App. Vol. 2* at 22-23.

[4]     In a prior memorandum decision, a panel of this court addressed the factual background and relationship between Brown's sentences in Cause No. 25485 and Cause No. 59353 as follows:

> On April 19, 2013, the State charged Brown under [Cause No. 25485] as follows:  Count 1 – Class C felony burglary, Count 2 – Class C felony forgery, Count 3 – Class D felony theft, Count 4 – Class A misdemeanor criminal trespass, and Count 5 – Class A misdemeanor driving while suspended.  He was subsequently found guilty of Counts 1, 2, and 5.  On August 2, 2013, Brown was sentenced to an aggregate four-year term with two years executed in community corrections and two years suspended. He was also placed on probation for one year.

On August 27, 2012, the State charged Brown under [Cause No. 59353] as follows: Counts 1 through 5 – Class C felony forgery, Count 6 – Class D felony theft, Counts 7 through 10 – Class D felony intimidation, and Count 11 – Class A misdemeanor intimidation. He was subsequently found guilty of all but the theft charge. On September 13, 2013, Brown was sentenced on Counts 4, 7, 8, 9, 10, and 11 to an aggregate two-year term with both years executed in the DOC. As for Counts 1, 2, 3, and 5, Brown was sentenced to an aggregate four-year term with two years executed in community corrections and two years suspended. He was also placed on probation for one year. The trial court ordered that the sentence imposed for Counts 4, 7, 8, 9, 10, and 11 would run consecutively to Brown's sentence in [Cause No. 25485] while the sentence imposed for Counts 1, 2, 3, and 5 would run concurrently to his sentence in [Cause No. 25485.]

The State subsequently filed petitions to revoke Brown's placement in community corrections and the suspended portions of his sentences in both [Cause No. 25485] and [Cause No. 59353], alleging that he had violated the terms of his placement and conditional release by committing a new crime. In both cases, on June 22, 2015, the trial court found Brown in violation, revoked his sentence, and ordered him to serve the entire four-year term in the DOC. The sentences were ordered to run concurrently.

[5] *Brown v. State*, No. 18A-CR-2594, 2019 WL 2440488 at *1 (Ind. Ct. App. June 12, 2019), *trans. denied*. In addition to the sentences that were imposed on Brown under Cause No. 25485 and Cause No. 59353 on June 22, 2015, Brown was also sentenced that same day in Cause No. 3976 to five years executed with no jail time credit. *Appellee's App. Vol. 2* at 33.

[6]     Under Cause No. 25485, Brown received 674 days of credit. *Id.* at 23. Brown's sentences for burglary and forgery in Cause No. 25485 correspond to sentence numbers 10 and 11 on the OIS exhibit. *Id.* To account for the 674 days of credit time, the sentences in Cause No. 25485 were backdated from the June 22, 2015 date of sentencing to August 17, 2013. *Id.* Brown served two years of the four years imposed under Cause No. 25484 and was released on August 17, 2015. *Id.*

[7]     Under Cause No. 59353, Brown received four four-year sentences with 352 days of jail time credit, which were to be served concurrently with his sentence under Cause No. 25485 and concurrently with each other. *Id.* at 31-32. Counts 4, 7, 8, 9, and 10 under Cause No. 59353 correspond to the sentences number 1 through 5 on the OIS exhibit. *Id.* at 22. Counts 1, 2, 3, and 5 correspond to the sentences numbered 6 through 9 on the OIS exhibit. *Id*. at 22. To account for Brown's 352 days of credit time, his sentences were backdated by 352 days from the June 22, 2015 date of sentencing to July 5, 2014. *Id.* Brown, who was in credit class 1, served half of the fixed term for those four sentences beginning July 5, 2014 and ending July 4, 2016, and started his final sentence the next day, July 5, 2016. *Id.*

[8]     Under Cause No. 3976, as required by subsection (e) of Indiana Code section 35-50-1-2, Brown's sentence was to be served consecutively to his sentences in Cause No. 25485 and Cause No. 59353. *Id.* As noted, Brown received no credit time for his sentence under Cause No. 3976. This sentence corresponds

to sentence number 12 on the OIS exhibit, which specifies a parole release date of April 4, 2020, and Brown was released to parole.[2]

[9] On January 7, 2016, a member of the parole board noted that Brown's parole was revoked in sentences numbered 1 through 5 on a printout of Brown's sentences from the offender information system. *Appellant's App. Vol. II* at 25; *Appellee's App. Vol. 2* at 15. Those sentences, which were imposed under counts 4, 7, 8, 9, and 10 in Cause No. 59353, were to be executed in the Department of Correction ("DOC"), beginning on September 13, 2013 and were discharged on September 12, 2015 and are noted as "parole sentences" on that printout. *Appellant's App. Vol. 2* at 25; *Appellee's. App. Vol. 2* at 15, 22; *Brown*, 2019 WL 2440488 at *1.

[10] On May 16, 2018, Brown filed a petition for writ of habeas corpus ("original petition"). *Appellant's App. Vol. II* at 4. In the original petition, Brown challenged the parole board's revocation of his parole, alleging that his time on parole had expired the day before he was in convicted in Cause No. 3976. *Appellee's App. Vol. 2* at 2. The original petition also alleged that his credit time was incorrectly calculated and that he was not given a parole revocation hearing. It also challenged the constitutionality of parole. *Id.* at 3-11. Brown sought a declaratory judgment with respect to the constitutionality of the good

---

[2] A notice of address change Brown filed with this court on April 26, 2020 shows he was released from the New Castle Correctional Facility on April 2, 2020. *Odyssey*. The State notes that the DOC releases offenders on only a few days each week, on or before the earliest possible release date. *Appellee's Br.* at 13, n.11.

time and parole statutes and requested that the trial court vacate his parole violation to show he was discharged from parole on May 25, 2015. *Id.* at 11.

[11] On July 16, 2018, the State filed a request for an extension of time to respond, which the trial court granted. On August 10, 2018, the State filed a response to Brown's original petition and a motion to dismiss along with the OIS exhibit and the abstracts of judgment and sentencing orders in Cause No. 25485, Cause No. 59353, and Cause No. 3976. *Appellant's App. Vol. II* at 5; *Appellee's App. Vol. 2* at 22-37. On August 14, 2018, the trial court entered on the CCS Brown's filing of a motion to amend and request for injunctive relief, which was file stamped August 3, 2018. *Appellant's App. Vol. II* at 5.[3] On August 27, 2018, the trial court gave the State fifteen days to respond to Brown's motion to amend, and the State filed an amended response to Brown's motion to amend on September 10, 2018. *Id.* Brown filed a reply to the State's amended response on August 31, 2018, which included a proposed amended petition for writ of habeas corpus ("proposed amended petition") to his original petition.[4] *Id.* The proposed amended petition, unlike the original petition, specifically requested immediate release. *Id.* at 12. The trial court denied Brown's motion to amend

---

[3] The CCS also shows that on August 13, 2018, the State filed a response in opposition to Brown's motion to amend on August 13, 2018, which is the day before Brown's motion to amend was entered into the CCS. *Appellant's App. Vol. II* at 5.

[4] In his Appellant's Appendix, Brown included a copy of the proposed amended petition but did not include a copy of either the original petition or his motion to amend. *Appellant's App. Vol. I* at 2; *Appellant's App. Vol. II* at 11-19. In its Appellee's Appendix, the State has provided a copy of the original petition and a copy of the motion to amend. *Appellee's App. Vol. 2* at 2-12; 37-38.

on October 2, 2018. *Id.* at 6. Following Brown's filing of two praecipes for withdrawal of submission and a demand for inquiry, none of which were found to be warranted, on June 28, 2019, the trial court set the case for a hearing on August 1, 2019. *Id.* at 7-9.

[12] At the August 1, 2019 hearing on the original petition, Brown represented himself and participated telephonically.[5] *Id.* at 9. The trial court denied the original petition on August 27, 2019 in an order, which included findings and conclusions. *Id.* at 20-22. On September 16, 2019, Brown filed a "Demand For Reconsideration," which the trial court treated as a motion to correct error and denied on October 2, 2019. *Id.* at 10. Brown now appeals.

## Discussion and Decision

[13] Brown is challenging the trial court's denial of habeas relief to him. The purpose of the writ of habeas corpus is to bring the person in custody before the court for inquiry into the cause of the restraint. *Manley v. Butts*, 71 N.E.3d 1153, 1156 (Ind. Ct. App. 2017). A petitioner is entitled to habeas corpus relief only if he is entitled to immediate release from unlawful custody. *Martin v. State*, 901 N.E.2d 645, 647 (Ind. Ct. App. 2009). As a pro se litigant, Brown is held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

---

[5] Brown did not request a transcript of the hearing.

# I.    Denial of Motion to Amend

Brown first argues that the trial court abused its discretion by denying his motion to amend.  We will reverse a trial court's ruling on a motion to amend only upon a showing of an abuse of that discretion (i.e., the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law).  *Hilliard v. Jacobs*, 927 N.E.2d 393, 398 (Ind. Ct. App. 2010), *trans. denied.*  We review whether a trial court's ruling on a motion to amend is an abuse of discretion by evaluating a number of factors, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendment previously allowed, undue prejudice to the opposing party by virtue of the amendment, and futility of the amendment."  *Id.*  (internal quotation marks and citation omitted).

Brown asserts that his motion to amend included a request for injunctive relief, which asked that the trial court transfer him to "the proper level facility."  *Appellant's Br.* at 7.  Brown states that at the August 1, 2019 hearing he "specifically informed the court that the requested injunctive relief had nothing to do with the amendment to [m]y habeas petition" and that the trial court "actually read the amendment to see that it does not mention an injunction or request any injunctive relief."  *Id.*  Brown adds that "ONLY the motion to amend contained the request for injunctive relief.  That is to say that the proposed amended petition . . . contained no request for injunctive relief."

*Appellant's Reply Br.* at 3. He maintains that he was prejudiced by the trial court's denial of his motion to amend.

[16] We note that Brown filed his original petition, moved to amend it with a request concerning a transfer to a different facility, and eventually submitted a proposed amended petition with the trial court. *Appellant's App. Vol. 2* at 4-5, 11-19; *Appellee's App. Vol. 2* at 2-11, 37-39. As noted, Brown did not request a transcript of the August 1, 2019 hearing, and his argument implies that he discussed both the motion to amend concerning transfer to the appropriate facility and the proposed amended petition at that hearing. He appears to conflate the denial of his motion to amend with his proposed amended petition and seems to assert that the trial court should have granted his motion to amend and considered his proposed amended petition. The relief which Brown is seeking on appeal is not clear. As a result, Brown has failed to make a cogent argument and has waived this issue on appeal. A party seeking appellate review is required to present a cogent argument. *See* Indiana Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."); *Smith v. State*, 822 N.E.2d 193, 202-03 (Ind. Ct. App. 2005) (noting that a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record), *trans. denied*.

[17] Waiver notwithstanding, we note that Indiana Trial Rule 15 generally allows for the liberal amendment of pleadings, that the trial court stated in its order denying habeas relief to Brown that it reaffirmed the order denying his motion

to amend on the basis that the court "lacks jurisdiction to order the placement of a prisoner within the Indiana Department of Correction[,]" and that "[r]eassignment is the relief Brown wants to seek through the proffered amended petition." *Appellant's App. Vol. 2* at 21. Brown does not explain what issue or claim his motion to amend was adding, deleting, or attempting to clarify, and he does not indicate how he was harmed by the denial of his motion to amend. Moreover, we are unable to discern what harm Brown suffered from the trial court's denial of his motion to amend because the trial court ultimately addressed the merits of Brown's claims.[6] The trial court did not abuse its discretion when it denied Brown's motion to amend.

## II. Parole Revocation Hearing

[18] Brown next argues that he was entitled to a hearing before his parole was revoked. The State maintains that the issues Brown raises concerning parole revocation are moot. "The long-standing rule in Indiana courts has been that a case is deemed moot when no effective relief can be rendered to the parties before the court." *Mosley v. State*, 908 N.E.2d 599, 603 (Ind. 2009). When a court is not able to render effective relief to a party, the case is deemed moot and subject to dismissal. *C.J. v. State*, 74 N.E.3d 572, 575 (Ind. Ct. App. 2017), *trans. denied.* The Indiana Supreme Court has stated that "[o]nce 'sentence has

---

[6] To the extent Brown argues that he was harmed because of any failure on the part of the trial court to consider his proposed amended petition, we cannot say that Brown was harmed on that basis as the trial court considered the merits of his claims with respect to parole revocation, credit time, immediate release, and the effect of credit time on service of a sentence and release to parole. *See Appellant's App. Vol. 2* at 20-22.

been served, the issue of the validity of the sentence is rendered moot.'" *Lee v. State*, 816 N.E.2d 35, 40 n.2 (Ind. 2004) (quoting *Irwin v. State*, 744 N.E.2d 565, 568 (Ind. Ct. App. 2001)).

[19] Here, although Brown does not specify in his brief which of his sentences was improperly revoked, we observe that the sole parole revocation at issue in this case was for sentences 1 through 5 on the OIS exhibit. *Appellee's App. Vol. 2* at 15, 22. These sentences correspond to counts 4, 7, 8, 9, and 10 in Cause No. 59353. *Id*. In concluding that any issues related to Brown's parole revocation were moot, the trial court found as follows:

> 5. The respondent has shown by the exhibits to the response filed August 10, 2018, that the sentences for which Brown was on parole do not affect his current incarceration. The sentences on which parole was "revoked" were discharged September 12, 2015, and did not affect the start, running or conclusion of petitioner's other sentences.
>
> . . . .
>
> 7. The sentences under [Cause No. 25485] are concurrent with sentences under [Cause No. 59353], which ran later, so there is no effect on present custody and may be disregarded. Because the parole sentences did not delay the start of the current sentences, there is no effect on the current sentences.
>
> 8. Under [Cause No. 59353], petitioner received four four-year sentences with 352 days of jail time credit, which he served July 5, 2014, to July 4, 2016.
>
> . . . .

10. All issues relating to parole and parole revocation procedures are irrelevant to Brown's current custody and are, therefore, moot. The same is true as to the issue about whether an offender may be on parole if he is also on probation. The answer to that question would not affect current custody and is not an issue for this habeas corpus case.

*Appellant's App. Vol. II* at 21-22. We acknowledge that parolees are entitled to a two-stage parole revocation procedure. *See Grayson v. State*, 58 N.E.3d 998, 1001 (Ind. Ct. App. 2016) (describing the parole-revocation procedure). However, on the facts of this case, the sentences under Cause No. 59353, for which parole was revoked, were discharged on September 12, 2015 before the parole board's notation concerning the revocation of parole. *Id.* at 25; *Appellee's App. Vol. 2* at 22. The sentences on which parole was revoked have been discharged and there is no effective relief that we can provide to Brown because, as previously noted, the revocation did not affect the start, running, or conclusion of his other sentences. The issue of parole revocation is moot.[7]

## III. Denial of Immediate Release

[20] Brown also argues that the trial court should have treated his original petition as one for post-conviction relief because he was challenging the revocation of

---

[7] We recognize that Indiana courts have long recognized the public-interest exception to the general rule on mootness, which may be invoked upon the confluence of three elements: (1) the issue involves a question of great public importance; (2) the factual situation precipitating the issue is likely to recur; and (3) the issue arises in a context which will continue to evade review. *Jones v. State*, 847 N.E.2d 190, 200 (Ind. Ct. App. 2006), *trans. denied*. While it is true that parole revocations occur with some frequency, Brown does not establish that his claim is of great public interest or arises in a context likely to evade review.

his parole and not requesting immediate relief from custody. At the same time, however, he asserts that he should have been released on February 26, 2020 as opposed to April 4, 2020, which, he maintains, affects his current custody.

[21] A petition for writ of habeas corpus that challenges the revocation of parole but does not seek immediate release is construed as a petition for post-conviction relief because entitlement to immediate release is a requirement for habeas relief. *Grayson*, 58 N.E.3d at 1001. However, this court has clarified that when a prisoner challenges his parole revocation on the basis that at the time the petition to revoke was filed, he was not actually on parole, his petition should be construed as a petition for writ of habeas corpus. *See Hale v. Butts*, 88 N.E.3d 211, 214 (Ind. Ct. App. 2017) (holding that because Hale was arguing that at the time the petition to revoke was filed, he had already been discharged from parole, his petition should have been classified as a petition for writ of habeas corpus); *Hobbs v. Butts*, 83 N.E.3d 1246, 1249 (Ind. Ct. App. 2017) (holding that Hobbs's petition was appropriately captioned as one for habeas corpus because Hobbs was not challenging the validity of the revocation, and he was not arguing there was insufficient evidence or that his due process rights had been violated; instead he was arguing that his parole had already been discharged).

[22] We note that the trial court's order does not indicate that it was treating Brown's request for habeas corpus as one for post-conviction relief. *Appellant's App. Vol. II* at 20-22. The State observes that Brown referred to both his original petition and his proposed amended petition as petitions for habeas corpus. *Id.* at 11-19; *Appellee's App. Vol. 2* at 2-11. Even assuming there was any error in the

trial court's classification of Brown's original petition, we note the trial court, which was in the county of incarceration, had jurisdiction to hear both a petition for writ of habeas corpus and a petition for post-conviction relief in this case. Because the trial court had jurisdiction to hear either petition, it does not matter how the trial court construed the petition in this case. *See* Ind. Code § 34-25.5-2-2 (providing that petitions for writ of habeas corpus should be filed in the county of incarceration); Ind. Post-Conviction Rule 1(2) (providing that petitions for post-conviction relief not challenging the validity of the conviction or sentence, but lawfulness of parole revocation, should be filed in the county of incarceration). Additionally, the trial court's order contained findings and conclusions, which are required in post-conviction relief cases. *See* Ind. Post-Conviction Rule 1(6) (requiring post-conviction courts to make findings and conclusions.) Thus, the trial court's order was sufficient for either type of case, and we find no error on this basis.

[23] With respect to whether Brown is entitled to immediate release, the trial court found as follows in its order denying relief to Brown:

> 9. Under [Cause No. 3976], Brown was sentenced to five years with no jail time credit, to be served consecutively to [Cause No. 59353] and [Cause No. 25485]. Therefore, he started serving that sentence on July 5, 2016, the day after the prison time on the other sentence was served. That crime and sentence are under the current criminal code and Brown has earned and will earn (assuming no disciplinary violation) good time in credit class B, earning one day of good time for each three days served. His sentence is 1,826 days so he will serve 1,370 days and [earn] 456 days of good time, entitling him to release to parole on April 4,

2020.  Therefore, he is not entitled to his immediate release.  The petition should be denied.

*Appellant's App. Vol. II* at 22.  As noted above, the trial court also entered findings with respect to the issues related to the mootness of any prior parole revocation procedures.  The record shows that Brown's parole release date was April 4, 2020, and his discharge date for Cause No. 3976 is July 4, 2021.  *Appellee's App. Vol. II* at 23.  The trial court correctly determined that Brown was not entitled to immediate release.

[24]    Without citation to the record or to any particular sentence, Brown also claims that his credit time was not correctly calculated and that he should have been released to parole on February 26, 2020 as opposed to April 4, 2020.  He does not explain how specific dates in any of the sentences imposed under any of the cause numbers and for which he was incarcerated were incorrect, and he has not made a cogent argument that his credit time was incorrectly calculated.  As a result, he has waived this issue on appeal.[8]  *See* Indiana Appellate Rule 46(A)(8)(a); *Smith*, 822 N.E.2d at 202-03.

---

[8] Waiver notwithstanding, Brown has not shown that his credit time was calculated incorrectly as the abstracts of judgment and sentencing orders provide specific calculations for the amount of credit time to which Brown was entitled, and the OIS exhibit provides parole release dates and the date for the discharge of Brown's sentences.  *Appellee's App. Vol. 2* at 22-37.

# IV. Good Time Credit and Parole Release

Finally, Brown asserts that the effect of good time credit on an inmate's release to parole is unconstitutional and inconsistent because good time credit should diminish the fixed term of his sentence. In support, he cites *Cottingham v. State*, 424 N.E.2d 105 (Ind. 1981), which addressed whether a 1977 legislative change awarding good time credit for presentence incarceration should be applied retroactively. The State maintains that the statutes relevant to good time and parole are lawful and consistent and that Brown is not entitled to the application of diminution of sentence laws which were repealed long before he committed his crimes.

Brown asserts, without citation to any particular constitutional provision, that the statutes relevant to good time and parole are unconstitutional. Therefore, he has waived any review of the constitutionality of those statutes for failure to make a cogent argument. *See* Indiana Appellate Rule 46(A)(8)(a); *Smith*, 822 N.E.2d at 202-03.

Waiver notwithstanding, we observe that in *Cottingham*, the Indiana Supreme Court explained the effect of a 1977 legislative amendment concerning good time credit on the then recently repealed diminution of sentence statutes. 424 N.E.2d at 106. The *Cottingham* court noted that the 1977 amendment intended to preserve the amount of good time each person had accumulated by October 1, 1977 under the repealed statutes and provided as follows:

Neither this act [Acts 1977, P.L. 340, s 149] nor Acts 1976, P. L. 148 affects the amount of good time a person has earned under diminution of sentence statutes in effect before October 1, 1977. After September 30, 1977, a person imprisoned under statutes in effect before October 1, 1977, is entitled to diminution of his sentence according to the credit time class to which he is assigned by this SECTION, or to which he may be assigned under IC 35-50-6.

*Id*.  The court explained that "reclassification would not result in the diminishing of any good time credit" for individuals subject to the repealed statutes but also "would not result in any additional good time awarded to persons who were incarcerated prior to sentencing before October 1, 1977." *Id.*

[28]     The State correctly observes that Brown misreads *Cottingham*.  It notes that, in *Dunn v. Jenkins,* the Indiana Supreme Court explained how the repealed good time statute affected an inmate's parole and discharge dates, stating that under the old system "inmates serving indeterminate terms were eligible to earn good time towards both their discharge and parole eligibility dates" and "[i]nmates serving determinate terms however were not eligible for parole and were credited with good time only towards their discharge date."  268 Ind. 478, 486-87, 377 N.E.2d 868, 874 (Ind. 1978).  The Court explained that the effect of serving a determinate or indeterminate sentence on an inmate's parole and discharge dates under the old system did not apply to inmates sentenced under the recently added Indiana Code article 35-50.  *Id.*

[29]     Brown was sentenced under Indiana Code article 35-50. He is not entitled to a diminution of his sentence under repealed laws that at one time were applied

toward a reduction of the prisoner's sentence and parole release date because those laws do not apply to him. *See Hannis v. Deuth*, 816 N.E.2d 872, 876 (Ind. Ct. App. 2004) (noting that "[o]ffenders sentenced for offenses under laws other than Ind. Code §§ 35-50 would include those offenders sentenced before the effective date of Ind. Code § 35-50," which was added, effective October 1, 1977, by Acts 1976, Pub. L. No. 148, § 8.) Brown is subject to the current system, in which good time credit operates to determine a prisoner's eligibility for release on parole but without a reduction or diminishment of the total sentence. *See* Ind. Code § 35-50-6-1 (providing that release on parole occurs "when a person imprisoned for a felony completes the person's fixed term of imprisonment, less the credit time the person has earned with respect to that term" that a "person whose parole is revoked shall be imprisoned for all or part of the remainder of the person's fixed term" but may be reinstated by the parole board to parole at any time after revocation.); *Boyd v. Broglin*, 519 N.E.2d 541, 543 (Ind. 1988) (explaining that the "statutes distinguish between those who are discharged and those who are released on parole" the "intent is clear that *credit time is applied only toward the date of release on parole for felons and does not diminish the fixed term*" and that "[a] felon who has served his fixed term of imprisonment less the credit time that he has earned with respect to that term is, by operation of law, on parole and is not discharged until and unless the Indiana Parole Board acts to discharge him." (emphasis added.)) *Hart v. State*, 889 N.E.2d 1266, 1272 (Ind. Ct. App. 2008) (noting that the credit time statute is applied to determine when an inmate is eligible for parole and that when an inmate is released from the department of correction the inmate is released to

parole or probation). The operation of the statutes relevant to good time credit on an inmate's parole release are lawful and consistent, and Brown is not entitled to relief from the application of those laws to his case.

[30] Affirmed.

Najam, J., and Brown, J., concur.