GILBERT D. FENDER *v.* RUSSELL E. LASH, WARDEN OF INDIANA STATE PRISON.

[No. PS250. Filed December 3, 1973.]

*Gilbert D. Fender*, of Michigan City, for appellant.

*Theodore L. Sendak*, Attorney General, *Wesley T. Wilson*, Deputy Attorney General, for appellee.

HUNTER, J.—This is a meritless appeal from the denial of release in habeas corpus proceeding. The appellant-petitioner is proceeding, *pro se*, having refused the able assistance of the public defender.

Pursuant to PC Remedy Rule 1, § 1 (c) ; § 5, a post-conviction relief hearing was held on September 7, 1972. The petitioner's evidence consisted solely of testimony by the attorney who had represented him at the time of his arraignment six years earlier. The testimony forthcoming was generally detrimental to petitioner's case. It did not support any of the assertions contained in his petition for writ of habeas corpus. The trial court ruled that petitioner had failed to establish, by a preponderance of the evidence, grounds for relief pursuant to PC Remedy Rule 1, § 5. We affirm.

Petitioner first contends that he was denied counsel at his preliminary hearing on the charge of robbery. We are unable to determine the validity of this unsupported allegation, for the record is silent upon this issue. We do not have a transcript of the Municipal Court proceedings before us. Nowhere does the petitioner allege that he requested appointment of counsel at the preliminary hearing and was summarily denied this request. Petitioner had no absolute right to have counsel present at the preliminary hearing. *Fulks* v. *State* (1970), 255 Ind. 81, 262 N. E. 2d 651. Further, the legality of his arrest has no relevancy upon this

appeal absent an issue as to the admissibility of evidence obtained pursuant to such arrest. *Farmer* v. *State* (1971), 257 Ind. 629, 275 N. E. 2d 783. The record before us does disclose that petitioner was arrested pursuant to a capias issued by the Criminal Court of Marion County. Under these circumstances, he was not entitled to a preliminary hearing. *Penn* v. *State* (1961), 242 Ind. 359, 177 N. E. 2d 889. Were we to hold, which we do not, that *Kinnaird* v. *State* (1968), 251 Ind. 506, 242 N. E. 2d 500, should apply retroactively to the case at bar, and thereby scrutinize the affidavit upon which the arrest warrant issued, petitioner's contention still must fail for lack of prejudice. In short, the contention at issue is wholly without merit.

Next, petitioner asserts that his rights were violated because he was held "incommunicado" in the Marion County jail for a period of sixty (60) days awaiting trial. Again, we find no support for this allegation in the record. Petitioner offered *no* evidence upon this issue at his post-conviction relief hearing. Petitioner further asserts that his bail ($7,500) was excessive. This question is now moot and will not be considered upon this appeal. *Holguin* v. *State* (1971), 256 Ind. 371, 269 N. E. 2d 159.

Petitioner asserts that he was denied assistance of counsel at his arraignment. He is again not supported by the record. We reject the unsupported allegation. The record discloses that the public defender appeared for the petitioner at his arraignment.

Contrary to petitioner's argument, the trial court did not err in finding that petitioner was not entitled to credit on his sentence for time spent in jail while awaiting trial and sentencing. The statutes authorizing such credit were not enacted until 1972 and contain no provision for retroactive application. IC 1971, 35-8-2.5-1, -5, Ind. Ann. Stat. § 9-1828-1832, (Burns 1972 Supp.).

Petitioner alleges that he was wrongfully denied the right of discovery because the trial court sustained the State's

motion to strike the petitioner's motion to file interrogatories. There is no error here. Petitioner could have proceeded without leave of court to file interrogatories. TR. 33(A). Petitioner sought to discover certain investigative reports. No foundation was laid for such discovery, nor did petitioner allege with any particularity that which he sought to discover. There was no error in denying the motion. *Dillard* v. *State* (1971), 257 Ind. 282, 274 N. E. 2d 387.

Finally, petitioner contends that his guilty plea was not voluntarily entered. The transcript of the guilty plea discloses that the petitioner appeared with counsel and trial court advised him of his rights. The petitioner admitted to the court that he committed the robbery. In his post conviction relief petition, the petitioner alleged that he was not properly represented by counsel and that, therefore, his guilty plea should be allowed to be withdrawn. Petitioner offered *no* evidence attacking the competency or adequacy of his counsel other than through his unsupported allegations. His conclusionary charges are unfounded, and we reject them.

For all the foregoing reasons, the judgment of the trial court is hereby affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., not participating.

NOTE.—Reported in 304 N. E. 2d 209.