**James Milford DUNCAN, Petitioner-Appellant,**

v.

**STATE OF ALABAMA, Respondent-Appellee.**

No. 73-3820.

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1974.

George Peach Taylor, Univ. of Alabama, University, Ala., (Court-appointed), for petitioner-appellant.

William J. Baxley, Atty. Gen., Montgomery, Ala., Herbert H. Henry, Asst. Atty. Gen., Birmingham, Ala., for respondent-appellee.

Before TUTTLE, WISDOM and GEE, Circuit Judges.

WISDOM, Circuit Judge:

This appeal in forma pauperis by a state prisoner is from the denial of a habeas corpus petition without a hearing and without a response by the State. The district court adopted the report and recommendation of the United States Magistrate for dismissal of the petition. The case raises the question whether time served on death row during pendency of an appeal is required to be credited for parole consideration on a life sentence imposed following reversal and remand of the sentence of death. We hold that the petitioner-appellant is entitled to the credit for the time spent in the state penitentiary pending his appeal. North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; Wilson v. North Carolina, 4 Cir. 1971, 438 F.2d 284.

James M. Duncan, petitioner-appellant, was convicted of murder and sentenced to death on June 4, 1963. He appealed to the Supreme Court of Alabama.. During the pendency of the appeal, he was incarcerated in the state penitentiary. On June 30, 1965, the Supreme Court reversed because of the ad-

mission of evidence illegally seized without warrant. Duncan v. State of Alabama, 278 Ala. 145, 176 So.2d 840 (1965). After remand, Duncan entered a plea of guilty, and in October 1965 was sentenced to life imprisonment.

Title 42, Section 8, Code of Alabama (1940) (Recomp.1958) provides that state prisoners serving a life sentence are eligible for consideration for parole at the expiration of ten years imprisonment.[1] Credit for the two years served by the petitioner-appellant in the state penitentiary during the pendency of his appeal would have made him eligible for consideration for parole in June 1973 rather than October 1975.

The constitutional basis for crediting appeal-time detention on the sentence imposed after remand by an appellate court is the Fifth Amendment guarantee against double jeopardy.

Simpson v. Rice (North Carolina v. Pearce) arose in the Middle District of Alabama. The state circuit judge had vacated the prisoner's sentence, under Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and imposed a new sentence without giving him credit for the time served on the original sentence. Chief Judge Frank Johnson, relying on the due process clause, ruled that credit must be given for time served. 274 F.Supp. 116 (D.C. Ala., 1967). This Court affirmed, adopting Chief Judge Johnson's opinion as its own. Simpson v. Rice, 5 Cir. 1968, 396 F.2d 499. The Supreme Court approved the requirement of credit for time served on the original sentence but based its holding on the double jeopardy clause of the Fifth Amendment. Simpson v. Rice, decided sub nom United States v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Mr. Justice Stewart, speaking for a unanimous Court, stated:

"We hold that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense. If, upon a new trial, the defendant is acquitted, there is no way the years he spent in prison can be returned to him. But if he is reconvicted, those years can and must be returned—by subtracting them from whatever new sentence is imposed."

395 U.S. 711, 718, 719, 89 S.Ct. 2072, 2077.

In Wilson v. North Carolina, the Fourth Circuit dealt with facts very similar to those in the instant case. Wilson, convicted of rape and sentenced to life imprisonment, was successful on appeal. He was tried again, and again convicted and sentenced to life imprisonment. He sought credit for the time pursuing appeals and awaiting trials in determining when he could be considered for parole. North Carolina law, like Alabama law, allows a life termer to be eligible for consideration for parole "when he has served ten years of his sentence". North Carolina authorities, apparently like Alabama authorities, consider the ten year period to run from the date of the last sentencing. The North Carolina Attorney General, like the Magistrate and Court below, argued that a life sentence cannot be reduced by any crediting of previous imprisonment since the sentence lasts for the prisoner's natural life. Judge John D. Butzner, Jr., for the court, held, however:

"In accordance with Pearce" the Board of Paroles must include in computing the statutory period of ten years "the length of time Wilson was imprisoned from the date of his first conviction to the date his sentence be-

---

[1]. The Alabama Parole Statute provides that "the [parole] board shall not grant a parole to any prisoner who has not served at least one-third or ten years ·of his sentence, whichever is the lesser, *except by a unanimous affirmative vote of the board*". (emphasis supplied). Title 42, Section 8, Code of Alabama, 1940, Recompiled 1958.

gan to run following affirmance of his second appeal."

438 F.2d at 287.

We agree with Wilson v. North Carolina. The credit for time served by a life-termer will not shorten his life sentence, but it will shorten time for consideration of his parole. Whether he will be granted parole rests in the sound discretion of the Board of Pardons and Paroles. Duncan may not be entitled to parole, but he is entitled to consideration for parole.

On appeal, the State now contends that Title 42, Section 8, Code of Alabama, 1940, Recompiled 1958, is interpreted by the State so as to give every state prisoner consideration for parole at any time after sentencing by unanimous vote of the Board of Pardons and Paroles; after one-third or ten years of the sentence, a simple majority can grant parole. Duncan insists that the argument runs counter to the prevailing practices of the Alabama Board of Pardons and Paroles. Moreover, if the State's interpretation of the statute were correct, every prisoner now serving in state custody and every criminal awaiting transfer to the state penitentiary system would be able to apply for parole *now* and be entitled to a hearing in accordance with current rules and practices. A considerable number of hearings will be required in the immediate future if consideration is given to all prisoners as soon as they have been sentenced.

Even if Title 42, Section 8 does not preclude from consideration for parole any convict, no matter how long the sentence nor the length of time served, it is a practical advantage to have to gain only two votes from the three man board, rather than to be required to secure a unanimous vote from the Board.

We have considered all of the other arguments the State has raised. We find them lacking in merit.

The judgment of dismissal is vacated and the case is remanded to the district court to require the Board of Pardons and Paroles to credit Duncan's prison service with the time spent during imprisonment on "death row" and to grant the petitioner a hearing in the usual manner and under the same rules and regulations applying to all prisoners who have completed service of ten years on a life sentence. The propositions advanced by the State of Alabama in this Court, abuse of writ, prior consideration by the Board of this petitioner, and lack of controversy between the parties because of the yet-to-be proved fact of such prior consideration may be inquired into by the district court upon proper answer by the State injecting these issues into the case. If the State elects to present such issues, a full hearing should be held in the district court, and the district judge should consider the propriety of appointing counsel to represent the petitioner at that hearing.