WILLIE BROWN *v*. STATE OF INDIANA.

[No. 174S11. Filed February 10, 1975.]

630

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Russell D. Millbranth,* Deputy Attorney General, for appellee.

DeBRULER, J.—Appellant Brown appeals here from a dismissal of his petition made pursuant to PC. Rule 1. He was convicted in the year 1969 of second degree murder upon a trial by jury on a charge of first degree murder. In 1973, he filed this petition which he has termed a Verified Petition for Time Served Prior to Judgment of Sentence. In this petition, he seeks to have the time he spent in jail awaiting trial and sentencing credited to his life sentence.

The State filed a motion to dismiss the petition. The trial judge, after hearing the argument of counsel, and without

a plenary hearing, denied the petition pursuant to the authority granted by § 4 (e) [1] of the rule.

Appellant contends that he is entitled to the benefit to such credit provided for in IC 1971, 35-8-2.5-1, being Burns § 9-1828, which provides:

> "When sentencing any person convicted of a crime the sentencing court shall order that the sentenced person be given credit toward service of his sentence for any days spent in confinement as a result of the criminal charge for which sentence is imposed or as a result of the conduct on which such charge is based. The court shall specify in its order of commitment the number of days credit to which the person sentenced is entitled pursuant to this section."

This statute first became effective on February 1, 1972, and consequently, the State argued in its motion to dismiss, that appellant was not entitled to the benefits of the statute since he was convicted and sentenced prior to that effective date. The trial court sustained the State's contention.

Appellant recognizes that this statutory provision has recently been construed by this Court in *Fender* v. *Lash* (1973), 261 Ind. 373, 304 N.E.2d 209, and that in that case this Court held that the General Assembly, in this enactment, did not intend to extend the credit benefit to persons convicted and sentenced prior to the effective date of the statute. However, moving beyond the statutory claim made in *Fender* v. *Lash, supra,* appellant contended in his post-conviction petition that the General Assembly, in failing to include him in the class of those to receive such credit, denied him the equal protection of the laws guaranteed by the Fourteenth Amendment to U.S. Constitution and Art. 1, § 23, of the Indiana Constitution. Appellant supports his claim by pointing out that he is denied the benefit of the statute simply because of the *date* of his conviction and sentence, and concludes that the date of conviction and sentence bears no rational relation to the purpose and

---

1. "(e) If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

policy of the statute and consequently the statute illegally discriminates against those such as appellant who may have been convicted and sentenced prior to that date. Appellant would have us conclude that the equal protection guarantee of both Constitutions require that the benefits of this statute be extended to him.

This statute does create two classes, namely a class consisting of those convicted prior to the effective date and those convicted thereafter. Only those convicted thereafter are entitled to the benefit of the statute. The fundamental right to be at liberty is affected by the decision to deny retroactive application to this statute. Under these circumstances we deem it necessary that the decision to deny credit for pre-trial confinement to those convicted prior to the effective day of the act be shown to further a compelling governmental interest. *Shapiro* v. *Thompson* (1969), 394 U.S. 618, 89 S. Ct. 1322, 22 L. Ed. 2d 600; *Sumpter* v. *State* (1974), 261 Ind. 471, 306 N.E.2d 95; *Sturrup* v. *Mahan* (1974), 261 Ind. 462, 305 N.E.2d 877.

The State identifies the interest which supports this date classification as being that which the State has in its exercise of the authority to define crimes and penalties. However, this interest of the State is not drawn into play by this statute. No crime is defined, and no penalty for any crime is set, thereby. What is involved here is a recognition that pre-sentence confinement is a form of punishment and should serve to satisfy a criminal judgment.

The State next argues that the appellant, having been first charged with first degree murder and therefore not likely to have been released on bail, is not in the class disadvantaged by this statute. We cannot accept this reasoning, because the statute does not utilize the *cause* of pre-trial detention for any purpose. Thus pre-trial detention may result from a defendant's decision not to post bail, or a defendant's indigence, or in the case of a first degree murder charge, from the existence of strong evidence,

and yet in each such instance, the defendant, upon sentencing, is entitled to a credit for such detention.

The State next claims that the credit for pre-trial detention provided for in § 9-1828, *supra,* does not apply when the sentence is for life, and since appellant's sentence was for life, he has no equal protection claim by reason of the non-retroactive application of this statute. Under the terms of this statute, it applies at the time of sentencing to "any person convicted of a crime." Clearly appellant was convicted of a crime. In subsequent §§ 9-1830 and 9-1831, the manner of crediting time in cases involving indeterminate and determinate sentences is dealt with, however, we do not consider them to evince a legislative intent to deny credit where the sentence is life and therefore neither indeterminate nor determinate. Statutes such as this are intended to ameliorate the practical and legal mischief discussed in this opinion and should be construed so as to fully suppress that mischief.

The State has been unable to identify or allude to any interest which could be characterized as compelling. It has even been unable to suggest what rational relation might exist between the date of sentence and the objectives of this statute. In *In re Kapperman* (1974), 114 Cal. Rpt. 97, the Attorney General of California was likewise indisposed to support the non-retroactive application of a statute of identical import against an equal protection claim. See also *Duncan* v. *Alabama* (5th Cir. 1974), 502 F. 2d 571. In Alaska, fairness and justice dictated that fully retroactive application be afforded a statute providing for credit for pre-trial confinement. *Thompson* v. *State* (1972), Alaska, 496 P. 2d 651.

This statute requires that the sentencing court allow credit for all pre-sentence confinement attributable to the same criminal offense. In it the General Assembly has viewed the matter at the outset from the standpoint of the individual who is confined, awaiting trial and sen-

tence, and not from the standpoint of the correctional, scientific or legal communities. From that human standpoint, the denial of liberty which occurs prior to sentencing does in fact punish. It is also highly probable that the General Assembly considered the matter from the standpoint of those who have been convicted and have commenced service of their sentences in prison. In the absence of credit being given for pre-sentence confinement, irrational differences in total time confined would exist between inmates serving identical sentences for identical offenses, thereby resulting in dissatisfaction among those dissimilarly treated.

The General Assembly has sought in this statute to implement the guarantee of common law and the Fifth Amendment to the U.S. Constitution against double jeopardy. The grant of credit for jail time effectively insulates a sentence against any claim that the failure to give such credit would result in multiple punishments for the same offense. *Ex Parte Lange* (1874), 18 Wall. 163; *North Carolina* v. *Pearce* (1968), 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656; *Benton* v. *Maryland* (1968), 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707. The statute and its underlying policy also responds to potential equal protection problems which would arise if pre-sentence confinement were the result of the inability of a criminal defendant to post bail and thereby secure his release pending trial, resulting in different periods of total confinement being served by two prisoners who had been convicted of the same offense, solely because one had the money to post bail and the other did not. Laws and procedures which discriminate against indigent defendants are inconsistent with the promise of equal treatment under law. *Williams* v. *Illinois* (1970), 399 U.S. 914, 90 S. Ct. 2216, 26 L. Ed. 2d 571; *Tate* v. *Short* (1971), 401 U.S. 395, 91 S. Ct. 668, 28 L. Ed. 2d 130.

In other cases, the length of pre-trial detention might be determined by the amount of business being currently conducted by different trial courts. Two prisoners who had been

convicted of the same offense might serve widely disparate total periods of confinement solely because one court had been very busy while the court in which the other prisoner was tried had a smaller case load and could consequently dispose of a case more quickly.

All of the forces which served to produce widely disparate periods of pre-sentence confinement operated before the enactment of this statute. The interest of the State in ▪ obtaining pre-sentence confinement did not change during the period while this act was under consideration and ultimately enacted. The law confines the use of pre-trial detention to only one end: namely, that the criminal defendant be present for trial. This limitation is implicit in the concept of bail. Art. 1, § 17, Indiana Constitution.

We hold that the trial court erred in dismissing appellant's claim without a hearing. We also hold that the Equal Protection Clause of the Fourteenth Amendment and ▪ Art. 1, § 23, of the Indiana Constitution require that appellant be given credit for pre-sentence confinement resulting from this charge of first degree murder.

The judgment of the trial court is reversed. The trial court is instructed to deny the State's motion to dismiss, and to grant the appropriate credit.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 322 N.E.2d 708.