

**FILED**

Feb 24 2016, 7:42 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael B. Purdue, | February 24, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 03A01-1508-CR-1154 |
| v. | Appeal from the Bartholomew Circuit Court |
| State of Indiana, | The Honorable Stephen R. Heimann, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 03C01-1502-F6-1030 |

**Kirsch, Judge.**

[1]     Michael B. Purdue ("Purdue") appeals the sentencing order entered upon his

plea of guilty to one count of theft[1] as a Level 6 Felony and one count of

---

[1] *See* Ind. Code § 35-43-4-2(a)(1)(C).

resisting law enforcement[2] as a Class A Misdemeanor.  On appeal, he raises the following restated issue:  whether he was denied full credit time[3] for his pre-sentence confinement.

We reverse and remand.

## Facts and Procedural History

Purdue was arrested for theft and resisting law enforcement on January 29, 2015 and was held in the Bartholomew County Jail until January 31; at that time he was not formally charged.  A few weeks later, on February 22, Purdue was arrested and charged with three new counts of theft under Cause No. 03C01-1503-F6-1180 ("Cause No. 1180").  Purdue was again released.  On February 27, 2015, the State charged Purdue, under Cause No. 03C01-1502-F6-1030 ("Cause No. 1030"), for the acts he committed on January 29—one count each of Level 6 felony theft and Class A misdemeanor resisting law enforcement.  While Purdue was not in custody at that time, it is clear that the

---

[2] *See* Ind. Code § 35-44.1-3-1(a).

[3] It bears repeating that there are two different "time credits" that a defendant may earn:  "(1) the credit toward the sentence a prisoner receives for time actually served, and (2) the additional credit a prisoner receives for good behavior and educational attainment."  *Perry v. State*, 13 N.E.3d 909, 912 n.3 (Ind. Ct. App. 2014) (citing *Purcell v. State*, 721 N.E.2d 220, 222 (Ind. 1999)).  About two weeks before Purdue was sentenced, a new Indiana statute, Indiana Code section 35-50-6-0.5, became effective.  The intent of that statute was to provide some clarification in the area of credit time.  Indiana Code section 35-50-6-0.5 set forth the following definitions:  (1) "accrued time" means the amount of time that a person is imprisoned or confined; (2) "credit time" means the sum of a person's accrued time, good time credit, and educational credit; (3) "educational credit" means a reduction in a person's term of imprisonment or confinement awarded for participation in an educational, vocational, rehabilitative, or other program; and (4) "good time credit" means a reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned or confined.  To promote clarification, we will use these designated terms.

State made an attempt to serve him.[4] On March 10, Purdue was arrested and charged under Cause No. 03C01-1503-F6-1246 ("Cause No. 1246") with Level 6 felony possession of methamphetamine, Level 6 felony possession of narcotic drug, Class A misdemeanor criminal trespass, and Class A misdemeanor possession of paraphernalia. On April 2, 2015, Purdue, citing all three cause numbers in his caption, filed a Motion to Reduce Bond; after a hearing, the trial court denied Purdue's motion. Purdue remained in pre-trial confinement from March 10 until July 16, 2015[5]—a period of 128 days.

[4] On June 8, 2015, Purdue executed a "Waiver of Rights, Withdrawal of Plea of Not Guilty and Plea of Guilty" ("the Plea Agreement"). *Appellant's App.* at 8-10. The Plea Agreement, as originally written, set forth that Purdue would plead guilty to theft in Cause No. 1030 and possession of methamphetamine in Cause No. 1246. It is not clear when, but, before Purdue signed it, a hand-written change was made to the Plea Agreement, which crossed out the possession charge in Cause No. 1246 and added the resisting law enforcement charge in Cause No. 1030.[6] *Id.* at 8. Purdue pleaded guilty to the two charges

---

[4] A March 9, 2015 CCS entry for Cause No. 1030 provided, "Process receipt returned unserved—ex-wife says he does not live here and he hasn't for a long time." *Appellant's App.* at 2.

[5] Both the State and the trial court cited to the last day of confinement as being July 15, 2015; however, Purdue's sentencing date was July 16, 2015, a date that is in fact 128 days from March 10, 2015.

[6] A letter dated May 8, 2015, addressed to Purdue's attorney and sent from the prosecutor's office, reflects the identical handwritten change that crossed out the possession charge under Cause No. 1246 and added the resisting law enforcement charge under Cause No. 1030. That letter also provided that the State would dismiss the remaining "counts and cause." *Appellant's App.* at 7. This apparently referred to the original offer, suggesting that Cause No. 1180 and the remaining counts in Cause Nos. 1030 and 1246 would be dismissed. Again, it is unclear when and by whom this change was made.

alleged in Cause No. 1030 in exchange for the dismissal of Cause Nos. 1180 and 1246. The Plea Agreement was silent as to how much credit time Purdue would be granted toward his sentence. The trial court accepted Purdue's guilty plea and entered judgment of conviction for the theft and resisting law enforcement charges under Cause No. 1030. *Tr.* at 25.

[5] Purdue's presentence investigation report ("PSI") was submitted to the trial court on June 29, 2015, and provided that Purdue would have 131 "actual jail days" by the date of sentencing. *Confidential App.* at 2. At the sentencing hearing, the trial court asked Purdue, "[I]s the [PSI] true and accurate in all regards including the fact that you should receive 131 days of credit for time served?" *Tr.* at 4. Purdue agreed that the PSI was correct, however, the State voiced its disagreement concerning the amount of accrued time, reasoning:

> The defendant was arrested under this cause [1030] I believe on January 29, 2015 and was released in 48 hours. So I believe he should have [three] days of credit there.[7] On March 10th of 2015, the defendant was actually arrested on a warrant in cause ending [1246],[8] which is one of the . . . cause numbers that is going to be dismissed. So I do not believe the defendant is entitled to credit for the dates from March 10th through 7/1[6].

---

[7] We note that during the sentencing hearing, the trial court granted Purdue two days of credit; however, we refer to three days of credit because that is the number of days referred to in the trial court's Sentencing Order and agreed to by the parties on appeal. *Appellant's Br.* at 1, 7; *Appellee's Br.* at 5, *Tr.* at 7.

[8] The State referenced Cause No. 1180, however, from the State's own facts, it appears that on March 10, 2015, Purdue was arrested under Cause 1246. *Appellant's Br.* at 6.

*Id*. at 5. The State argued that Purdue should get no accrued time for his 128 days of pre-trial confinement, from March 10 through July 16, 2015, because he was not being confined as a result of Cause No. 1030. *Id*.

[6] The trial court reviewed the records in all three causes and found that from March 10 through July 16 Purdue was being confined in connection with only the charges alleged under Cause Nos. 1180 and 1246. In its Sentencing Order, the trial court stated:

> The Court now sentences the defendant to the Indiana Department of Correction for a period of two and one-half (2 ½) years for Count 1, Theft, a Level 6 Felony. The defendant receives zero days of credit.
>
> The Court sentences the defendant to the Bartholomew County Jail for a period of twenty-eight (28) days for Count 2, Resisting Law Enforcement, a Class A Misdemeanor. The defendant receives credit for three (3) days (1/29/15 to 1/31/1[6]) toward this sentence.
>
> Said sentences shall run consecutively to each other.
>
> The defendant does not receive credit for time served in the Bartholomew County Jail from March 10, 2015 to July 1[6], 2015 since those days were served under cause 03C01-1503-F6-1180 and cause 03C01-1503-F6-1246.

*Appellant's Br.* at 6-7.[9]  Purdue now appeals.  Additional facts will be added as necessary.

## Discussion and Decision

[7]  Purdue contends that the trial court erred when it granted him just three days of accrued time for pretrial confinement, claiming he was owed an additional 128 days.[10]  He argues that from March 10 until his sentencing on July 16, 2015, he was imprisoned and awaiting trial for the offenses alleged in all three cause numbers, and, therefore, he should be granted accrued time for those 128 days, and if applicable, an additional 128 days of good time credit.  The State contends that Purdue was not entitled to receive those 128 days of accrued time because that confinement was not "the result of the charge for which [he was] being sentenced."  *Appellee's Br.* at 5 (citing *Bischoff v. State*, 704 N.E.2d 129, 130 (Ind. Ct. App. 1998), *trans. denied*).  In other words, the State maintains that Purdue was only being confined under Cause Nos. 1180 and 1246, and

---

[9] Purdue does not include the Sentencing Order in his Appendix, so for reference purposes we cite to its location in his Brief.

[10] Although the trial court granted three days of credit, we assume that that number reflected just accrued time and not both accrued time and good time credit.  If good time credit was appropriate, a grant of three days of accrued time would have resulted in six days of credit time.  See *Rudisel v. State*, 31 N.E.3d 984, 989 (Ind. Ct. App. 2015) (quoting *Robinson v. State*, 805 N.E.2d 783, 792 (Ind. 2004) (adopting appellate presumption that "[s]entencing judgments that report only days spent in pre-sentence confinement [accrued time] and fail to expressly designate credit time earned [good time credit] shall be understood by courts and by the [DOC] automatically to award the number of credit time days [good time credit] equal to the number of pre-sentence confinement days [accrued time].")).

therefore, he deserves no credit time against his sentence imposed for charges alleged in Cause No. 1030.

[8] "'Under the Indiana Penal Code, prisoners receive credit time that is applied to reduce their term of imprisonment.'" *Rudisel v. State*, 31 N.E.3d 984, 988-89 (Ind. Ct. App. 2015) (quoting *Robinson v. State*, 805 N.E.2d 783, 789 (Ind. 2004)). "The time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment." *Id*. at 989. The amount of additional credit is primarily determined by the prisoner's credit time classification. *Id*. A person who: (1) is not a credit restricted felon; and (2) is imprisoned for a Level 6 felony or a misdemeanor or imprisoned awaiting trial or sentencing for a Level 6 felony or misdemeanor is initially assigned to Class A. Ind. Code § 35-50-6-4. Because Purdue was not a credit restricted felon, as defined in Indiana Code section 35-31.5-2-72, and since he had been charged with nothing greater than a Level 6 felony under Cause Nos. 1030, 1180, and 1246, Purdue would have been assigned to Class A. A person who commits an offense after June 30, 2014, and is assigned to Class A, "earns one (1) day of good time credit for *each day the person is imprisoned for a crime or confined awaiting trial or sentencing*." Ind. Code § 35-50-6-3.1 (emphasis added). "Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit." *Perry v. State*, 13 N.E.3d 909, 911 (Ind. Ct. App. 2014) (citing *Molden v. State*, 750 N.E.2d 448, 449 (Ind. Ct. App. 2001)).

[9] Indiana treats pre-sentence imprisonment as a form of punishment. *Brown v. State*, 262 Ind. 629, 635, 322 N.E.2d 708, 712 (Ind. 1975); *House v. State*, 901

N.E.2d 598, 601 (Ind. Ct. App. 2009) (citing *Williams v. State*, 759 N.E.2d 661, 664 (Ind. Ct. App. 2001) (citing *Weaver v. State*, 725 N.E.2d 945, 947-48 (Ind. Ct. App. 2000))). By enacting statutes that award credit for pre-sentencing confinement, the General Assembly sought "to implement the guarantee of common law and the Fifth Amendment to the U.S. Constitution against double jeopardy." *Brown*, 262 Ind. at 635, 322 N.E.2d at 712. Further, with an eye toward avoiding equal protection violations, the statutes were drafted "to equalize total confinement time among inmates serving identical sentences for identical offenses by allowing those who cannot post bail before sentencing to be given credit towards their sentence for pre-sentence imprisonment or confinement." *Nutt v. State*, 451 N.E.2d 342, 344 (Ind. Ct. App. 1983) (citing *Brown*, 262 Ind. at 635, 322 N.E.2d at 712). Accordingly, during sentencing, a trial court must strive to reach the balance between granting too little or too much credit time, while keeping in mind that the grant of credit time, as remedial legislation, "should be liberally construed in favor of those benefitted by the statute." *See House*, 901 N.E.2d at 601 (quoting *Williams*, 759 N.E.2d at 664) (credit time statutes, as remedial legislation, should be liberally construed in favor of those benefitted by the statute).

[10] When a person incarcerated awaiting trial on more than one charge is sentenced to concurrent terms for the separate crimes, Indiana Code section 35-50-6-3.1 entitles him to receive credit time applied against each separate term. *Hall v. State*, 944 N.E.2d 538, 542 (Ind. Ct. App. 2011), *trans. denied*; *Brown v. State*, 907 N.E.2d 591, 596 (Ind. Ct. App. 2009); *Stephens v. State*, 735 N.E.2d

278, 284 (Ind. Ct. App. 2000), *trans. denied*. However, where a person is sentenced to consecutive terms, credit time cannot be earned against each of the underlying sentences. *Hall*, 944 N.E.2d at 542. As our Supreme Court recently explained in *State v. Lotaki*, "[W]hen consecutive sentences are involved, credit time is deducted from the aggregate total of the consecutive sentences, not from an individual sentence." 4 N.E.3d 656, 657 (Ind. 2014). To do otherwise would "effectively enable [a defendant] to serve part of the consecutive sentences concurrently." *Id*.

[11]  During the sentencing hearing, the State conceded that Purdue should receive three days of accrued time against his sentence, yet objected to Purdue being granted accrued time for the other 128 days of pretrial confinement. The State reasoned that since the 128 days were served awaiting trial on Cause Nos. 1180 and 1246, causes that were dismissed by the Plea Agreement, Purdue could not get credit for those days against his sentence for Cause No. 1030. The trial court agreed, and granted Purdue credit only for the accrued time for his January 29 to January 31 confinement. We disagree with the trial court's decision.

[12]  On February 27, the State charged Purdue with Level 6 felony theft and Class A misdemeanor resisting law enforcement. Purdue's Level 6 felony warranted pretrial confinement. *See* Ind. Code § 35-33-1-1(a)(1), (a)(2) (person may be arrested when law enforcement officer has a warrant for arrest or probable cause to believe the person committed a felony). However, when the State attempted to serve Purdue on March 9, "process receipt [was] returned

unserved." *Appellant's App*. at 2. One day later, on March 10, Purdue was arrested in connection with Cause No. 1246. Because Purdue was being held in Bartholomew County Jail in connection with Cause Nos. 1180 and 1246, it was unnecessary for the State to serve an additional warrant in connection with Cause No. 1030. With or without a warrant, however, it was clear that, from March 10 to July 16, Purdue was confined and awaiting trial or sentencing not just for Cause Nos. 1180 and 1246, but also for Cause No. 1030.

[13] A person who commits an offense after June 30, 2014, and is assigned to Class A, "earns one (1) day of good time credit for each day the person *is imprisoned for a crime or confined awaiting trial or sentencing*." Ind. Code § 35-50-6-3.1[11] (emphasis added). Prior to 1981, the predecessor to Indiana Code sections 35-50-6-3.1 required the sentencing court to "give[] credit toward service of . . . sentence for any days spent in confinement *as a result of the criminal charge for which sentence is imposed* or as a result of the conduct on which such charge is based. Ind. Code § 35-8-2.5-1 (repealed). Our court in *Dolan v. State*, 420 N.E.2d 1364, 1373 (Ind. Ct. App. 1981) recognized that under "the new statute, IC 35-50-6-3, the Legislature omitted the 'result of' phraseology found under the repealed provision" of Indiana Code section 35-8-2.5-1. *Dolan*, 420 N.E.2d at 1373. Discussing the meaning of this omission, the *Dolan* court rejected that Indiana Code section 35-50-6-3 "would allow a defendant convicted and

---

[11] Indiana Code section 35-50-6-3 applies to a person who commits an offense before July 1, 2014. The only difference between section 3 and section 3.1 is that the former refers to Class I, while the latter refers to Class A.

sentenced for one offense credit toward that one sentence for time spent 'awaiting trial or sentencing' *for any offense*." *Dolan*, 420 N.E.2d at 1373 (emphasis added). Such an interpretation and application of this legislation, the court believed, "would be unreasonable and clearly violate the intent of the Legislature." *Id*. The *Dolan* court continued, "Although IC 35-50-6-3 allows a defendant credit for time 'confined awaiting trial or sentencing,' we conclude the Legislature clearly intended the credit to apply only to the sentence for the offense for which the presentence time was served. Any other result would allow credit time for time served on wholly unrelated offenses." *Id*.

[14] We agree that Purdue would not be entitled to credit time for days served on *wholly unrelated* offenses; however, those are not the facts before us. Purdue was charged under Cause Nos. 1030 and 1180 before he was arrested in connection with Cause No. 1246; therefore, all three causes were pending during his 128 days of confinement. From the record before us, it is clear that the trial court, as well as the parties, did not consider these three causes to be wholly unrelated. All of the significant pleadings referenced all three cause numbers. On March 17, 2015, the trial court held an initial hearing, after which it issued an order, the caption of which referenced Cause Nos. 1030, 1180, and 1246. *Appellant's App.* at 14. The order explained that Purdue had been advised of the charges against him and of his rights. The trial court entered Purdue's preliminary plea of not guilty and set the omnibus date. Referring generally to all three cause numbers, the trial court ordered, "*These causes* are set for trial by jury on June 23, 2015." *Id*. at 14 (emphasis added). On April 2, 2015, the State filed its

discovery, citing Cause Nos. 1030, 1180, and 1246 in its caption. *Id*. at 13. That same day, Purdue, citing the same three cause numbers in his caption, filed a Motion to Reduce Bond, which the trial court denied. *Id*. at 11, 12.

[15] Additionally, the record reflects that the three cause numbers, and the underlying charges of each, were considered together during the give and take process of plea negotiations. Initially, the State offered that it would allow Purdue to plead guilty to one of the counts under Cause No. 1030 and to one of the counts under Cause No. 1246, in exchange for dismissing Cause No. 1180 and the remaining counts in Cause Nos. 1030 and 1246. Only later did the terms of the plea change to allow Purdue to plead guilty to both counts in Cause No. 1030 in exchange for dismissing Cause Nos. 1180 and 1246. Purdue's Plea Agreement also referenced all three cause numbers. Given this record, Cause Nos. 1180 and 1246 were not wholly unrelated to Cause No. 1030.

[16] Here, Purdue did not ask the trial court to grant accrued time for confinement spent in another state or another county. He did not ask for double credit, which would have effectively changed his consecutive sentences to concurrent sentences. Instead, Purdue asked for the 128 days of accrued time that he served in Bartholomew County Jail awaiting trials or sentencing on Cause Nos. 1030, 1180, and 1246, each of which could have warranted pretrial confinement. Purdue can never be sentenced in connection with the dismissed Cause Nos. 1180 and 1246. In the absence of being granted the relief he now requests, Purdue will never get credit for the 128 days he spent in pretrial

confinement while awaiting trial on these three cause numbers. Under the facts of this case, we find that Purdue was awaiting trial on Cause No. 1030 during the entire pretrial confinement from March 10 through the July 16, and that allowing the accrued time of 128 days does not constitute "allow[ing] credit time for time served on wholly unrelated offenses." *Dolan*, 420 N.E.2d at 1373. The trial court erred in denying Purdue the additional 128 days of accrued time. Accordingly, we reverse and remand to the trial court with instructions to grant Purdue the initial three days plus an additional 128 days of accrued time and, if appropriate, the comparable number of days of good time credit, and deduct that credit time from the aggregate of Purdue's consecutive sentences.[12]

[17]  Reversed and remanded.

[18]  Mathias, J., and Brown, J., concur.

---

[12] The State suggests that Purdue has not met his burden of proof in this case, by noting, "When a defendant is incarcerated on multiple charges, it is the defendant's burden to demonstrate that his time spent in confinement was the result of the charge he is being sentenced on and not the result of other unrelated charges." *Appellee's Br.* at 9. As support for this claim, the State cites to *Bischoff v. State*, 704 N.E.2d 129, 130 (Ind. Ct. App. 1998), *trans. denied*. In *Bischoff*, our court recognized that the defendant had the burden of proving he deserved credit against his Huntington County sentence for time served in both Wabash County and with the DOC under circumstances where it was mandatory that his sentences be served consecutively. 704 N.E.2d at 130. It is true that our court has placed the burden on the defendant when credit is requested for time served in multiple states and even in multiple counties. *See Cohen v. State*, 560 N.E.2d 1246, 1249 (Ind. 1990) (Cohen failed to meet his burden of establishing that his Illinois confinement was related to Indiana charges for which he was sentenced); *see also Richeson v. State*, 648 N.E.2d 384, 391 (Ind. Ct. App. 1995) (Richeson failed to meet his burden of proving he was owed credit against his Porter County sentence for time he was confined in Lake County). However, we see no reason to place the burden on Purdue when: (1) all parties agree about the number of days in question; and (2) Purdue was confined in one county, and the record of confinement on all three charges was before the same trial judge.