## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 29 2020, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Peru, Indiana

ATTORNEY FOR APPELLEE

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Cameron Wood,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

May 29, 2020

Court of Appeals Case No.
19A-CR-3075

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1812-MR-1923

**Crone, Judge.**

## Case Summary

[1] Cameron Wood appeals the sentence imposed following his guilty plea to level 4 felony unlawful possession of a firearm by a serious violent felon (SVF) and

level 5 felony reckless homicide. He contends that his sentence violates the Indiana Constitution's prohibition against double jeopardy and Indiana Code Section 35-50-1-2. Concluding that his arguments are without merit, we affirm his sentence. However, he also argues, and the State concedes, that the trial court erred in calculating his credit time. We agree and therefore remand with instructions to correct Wood's credit time.

## Facts and Procedural History

On November 22, 2018, Wood shot and killed Jamea Parker. Wood possessed the handgun that he used to kill Parker, while having previously been convicted of class B felony rape and class C felony criminal confinement. The State charged Wood with murder, two counts of level 3 felony attempted aggravated battery, level 4 felony unlawful possession of a firearm by an SVF, level 5 felony reckless homicide, level 5 felony involuntary manslaughter, and level 5 felony criminal recklessness. On December 17, 2018, police arrested Wood.

On December 3, 2019, Wood pled guilty pursuant to a plea agreement to level 4 felony unlawful possession of a firearm by an SVF and level 5 felony reckless homicide, in exchange for the dismissal of the remaining charges. The plea agreement left sentencing to the trial court's discretion. The same day the trial court held a sentencing hearing. The trial court found as aggravating factors Wood's juvenile history, his conviction for resisting law enforcement, and that he was on probation when he killed Parker. The trial court found that the aggravating factors substantially outweighed any mitigating factors and sentenced Wood to consecutive terms of twelve years for the level 4 felony

conviction and six years for the level 5 felony conviction for an aggregate term of eighteen years. The trial court's sentencing order states that Wood "has jail time credit as of December 3, 2019 in the sum of 337 actual days or 449 credit days, served while awaiting disposition in this matter." Appealed Order at 1. This appeal ensued.

## Discussion and Decision

## Section 1 – Wood's arguments against his sentence are meritless.

[4] We first address Wood's challenge to his sentence. First, he asserts that the imposition of consecutive sentences violates the Indiana Constitution's prohibition against double jeopardy. He argues that the trial court should have merged both counts into one for sentencing and requests that we reverse the trial court's order that his sentences be served consecutively. We need not go into detail regarding the law on double jeopardy, and we express no opinion on whether his convictions violate double jeopardy principles. It is enough to note that "[a] violation of double jeopardy principles requires that we vacate the conviction with the less severe penal consequences." *Johnston v. State*, 126 N.E.3d 878, 890 (Ind. Ct. App. 2019), *trans. denied*. Although Wood is entitled to contest on direct appeal the merits of the trial court's sentencing discretion because he pled guilty pursuant to an open plea, *Tumulty v. State*, 666 N.E.2d 394, 396 (Ind. 1996), he has waived his right to challenge his convictions on double jeopardy grounds. *See Mapp v. State*, 770 N.E.2d 332, 334 (Ind. 2002)

("Mapp waived his right to challenge his convictions on double jeopardy grounds when he entered his plea agreement.").

[5]     Wood also argues that even if consecutive sentences are permitted, Indiana Code Section 35-50-1-2(d) limits the aggregate term of his imprisonment to fifteen years. Subsection 2(d) limits the term of imprisonment for convictions arising out of an episode of criminal conduct. However, pursuant to subsection 2(c), the term limits in subsection 2(d) do not apply to convictions for crimes of violence. Wood was convicted of crimes of violence. Ind. Code § 35-50-1-2(a)(5), -(19). As such, subsection 2(d) is inapplicable. Accordingly, we affirm Wood's sentence.

## Section 2 – Remand is necessary to correct Wood's credit time.

[6]     Pursuant to the Indiana Penal Code, prisoners receive credit time that is applied to reduce their term of imprisonment. *Purdue v. State*, 51 N.E.3d 432, 436 (Ind. Ct. App. 2016). "The time spent in confinement before sentencing applies toward a prisoner's fixed term of imprisonment." *Id*. (citation omitted). "Accrued time" is the amount of time that a person is imprisoned or confined. Ind. Code § 35-50-6-0.5. "Good time credit" is the reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned or confined. *Id*. "Credit time" is the sum of a person's accrued time, good time credit, and educational credit. *Id*. A person, like Wood, who is not a credit restricted felon and is imprisoned awaiting trial or sentencing for a crime other than a level 6 felony or a misdemeanor is initially assigned to

class B for purposes of determining good time credit. Ind. Code § 35-50-6-4. A person assigned to class B "earns one (1) day of good time credit for every three days the person is imprisoned for a crime or confined awaiting trial or sentencing." Ind. Code § 35-50-6-3.1(c). "Because pre-sentence jail time credit is a matter of statutory right, trial courts generally do not have discretion in awarding or denying such credit." *Perry v. State*, 13 N.E.3d 909, 911 (Ind. Ct. App. 2014) (citation omitted).

[7] Here, the trial court gave Wood accrued time of 337 days and good time credit of 112 days based on Wood's class B status for a total credit time of 449 days. Wood was arrested on December 17, 2018, and remained in jail until his sentencing on December 3, 2019. Thus, his accrued time was 351 days. Accordingly, we remand with instructions to correct the sentencing order and provide Wood with accrued time of 351 days and good time credit of 117 days for a total credit time of 468 days.[1]

[8] Affirmed and remanded.

Bailey, J., and Altice, J., concur.

---

[1] The State argues that "it is unclear how much good-time credit Wood earned because the presentence investigation [report] listed that Wood amassed five separate jail sanctions while awaiting trial, some of which resulted in a lockdown or a suspension." Appellee's Br. at 9 (citation and quotation marks omitted). We presume that the trial court was aware of the sanctions but did not believe that they warranted deprivation of Wood's good time credit.