



FILED

Nov 18 2025, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Austin T. Wyatt,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

November 18, 2025

Court of Appeals Case No.
25A-CR-83

Interlocutory Appeal from the Tippecanoe Superior Court

The Honorable Steven Meyer, Judge

Trial Court Cause No.
79D02-1905-F4-24

---

**Opinion by Judge May**
Judges Mathias and Bradford concur.

**May, Judge.**

[1] Austin T. Wyatt brings this interlocutory appeal of the trial court's denial of the Emergency Motion for Immediate Release that Wyatt filed when he was being held in jail awaiting a hearing on a petition to revoke his probation. Wyatt argues the trial court had no authority to hold him in jail because he had already served his full sentence. However, the good time credit that shortened Wyatt's time in Community Corrections did not shorten his term of probation, and we therefore affirm the trial court's denial of his motion for immediate release and remand for further proceedings on the State's petition to revoke probation.

## Facts and Procedural History

[2] The State of Indiana charged Wyatt with one count of Level 4 felony child molesting[1] on May 6, 2019. Wyatt pled guilty, and the trial court imposed an eight-year sentence. The court ordered Wyatt to serve six years in the Indiana Department of Correction, and it suspended two years to supervised probation, which was to be served through Tippecanoe County Community Corrections. Wyatt agreed to complete a sex offender treatment program "as a condition of probation." (App. Vol. 2 at 20.)

[3] Wyatt completed the executed portion of his sentence and began probation. On December 19, 2023, the trial court found Wyatt in violation of his probation and ordered him to serve 180 days incarcerated. On June 27, 2024, the trial

---

[1] Ind. Code § 35-42-4-3(b).

court again found Wyatt in violation of his probation and ordered him to serve 90 days incarcerated.

[4]     On November 6, 2024, Tippecanoe County Community Corrections filed notice with the trial court that Wyatt had "successfully completed 730 (548 actual days) on 11/05/2024." (App. Vol. 2 at 22.) Also on November 6, 2024, the State filed a third petition to revoke Wyatt's probation. That petition asserted Wyatt had "460 days" remaining on his suspended sentence and alleged Wyatt had been unsuccessfully discharged from a program at Families United that was a condition of his probation. (*Id.* at 23.) The trial court issued an arrest warrant, and police arrested Wyatt on November 8, 2024.

[5]     On December 5, 2024, Wyatt filed an Emergency Motion for Immediate Release. Therein Wyatt asserted his eight-year sentence was "fully served as of November 5, 2024" when he was released from serving two years on Community Corrections. (*Id.* at 29.) Wyatt claimed that "even if the Court believe[d] Defendant could be on probation after November 5, 2024, incarceration is not available as a sanction because the entire 8 year sentence was served." (*Id.*) Therefore, Wyatt argued, he needed to be released from jail while awaiting the hearing on the State's petition to revoke his probation.

[6]     On December 6, 2024, Wyatt's probation officer filed a status report that indicated Wyatt had 460 days remaining on his two-year suspended sentence, because Wyatt had served 270 days incarcerated for probation revocations. In addition, the status report indicated Wyatt had 196 days remaining to serve on

probation – Wyatt had served 222 days on probation prior to his probation being revoked for 180 days and then served 42 days on probation prior to probation being revoked for 90 days, and those four numbers combined to be 534 of the 730 days that Wyatt was ordered to serve on probation.

[7] The trial court conducted a hearing on Wyatt's motion on December 9, 2024, during which a representative of the Tippecanoe County probation department testified that

> after all the violations that were left, [Wyatt] still has a remaining small balance of a hundred and ninety-six days that were left after that second PTR, and then he ended his Community Corrections time around November, and then he still had a little bit of time left, with a discharge date of probation on January 27 of 2025.

(Tr. Vol. 2 at 8.)

[8] On December 13, 2024, the trial court entered an order that denied Wyatt's motion for emergency release. That order explained:

> The Court finds that the case of *Haslam v. State*, 194 N.E.3d 144 (Ind. Ct. App. 2022) is controlling. In *Haslam*, the defendant was given a total sentence of seven (7) years all suspended. He was ordered to served [sic] five (5) years on community corrections as a term of probation. He was given credit for the the [sic] actual days served on home detention plus good time credit which shortened his home detention. However, that good time credit did not apply to reduce the time remaining on probation. The Court of appeals [sic] affirmed the trial court and found that I.C. 35-38-2.5-5 does not provide that a person's term of probation is computed on the basis of accrued time on home detention PLUS

> any good time credit. 194 N.E.3d at 147. Essentially, any "good time credit" earned while on home detention as a condition of probation does not affect to reduce the length of the original probation.

(*Id*. at 46) (italics added). Wyatt brought this interlocutory appeal prior to the trial court holding a hearing to determine whether Wyatt had violated probation or whether to impose a sanction therefor if he had.

## Discussion and Decision

At the outset, it seems the question of whether the trial court erred when it denied Wyatt's motion for an immediate release is moot, as it appears that Wyatt was able to post bond and secure his release from jail while awaiting the hearing on the State's petition to revoke his probation. (App. Vol. 2 at 16.) Moreover, to the extent that Wyatt is challenging the trial court's continued jurisdiction over him in relation to his underlying criminal case, Wyatt concedes that "he could be required to serve some remaining period of probation[.]" (Appellant's Br. at 10.) Wyatt merely argues that the trial court's continued exercise of jurisdiction over him was "pointless" because "there remains no suspended time" for which he could be incarcerated if he were to be found to have violated his probation for a third time. (*Id*.)

[10]     When denying Wyatt's motion for immediate release because his probationary term had not been satisfied,[2] the trial court cited our opinion in *Haslam v. State*, in which we explained:

> "Under the Indiana Penal Code, prisoners receive credit time that is applied to reduce their term of imprisonment." *Purdue v. State*, 51 N.E.3d 432, 436 (Ind. Ct. App. 2016) (citations omitted). Ind. Code § 35-50-6-0.5(3) provides that "credit time" means "the sum of a person's accrued time, good time credit, and educational credit." "Accrued time" is the amount of time that a person is imprisoned or confined. Ind. Code § 35-50-6-0.5(1). "Good time credit" means "a reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned or confined." Ind. Code § 35-50-6-0.5(5). Ind. Code § 35-50-6-6 provides: "A person imprisoned for a crime earns good time credit irrespective of the degree of security to which the person is assigned. Except as set forth under IC 35-38-2.5-5, *a person does not earn good time credit while on parole or probation*."

194 N.E.3d 144, 147 (Ind. Ct. App. 2022) (emphasis added). Nothing in section 35-38-2.5-5 is relevant to Wyatt such that that statute could modify the rule that "a person does not earn good time credit while on parole or probation." Ind. Code § 35-50-6-6. Thus, while Wyatt may have received "good time credit" for purposes of his time in the Community Corrections

---

[2] In its order, the trial court "adopt[ed] the Probation Department's determination of days remaining on probation." (App. Vol. 2 at 46.) The trial court did not, however, provide any indication in its order of how much time remained on Wyatt's original eight-year sentence. That determination will need to be made, and included in any resulting order, when the trial court addresses the State's petition to revoke probation. Nothing in our opinion should be read to preclude Wyatt from bringing an appeal to challenge the trial court's calculation of the time remaining on his underlying sentence.

program, that time did not reduce the term of probation that Wyatt was required to serve. *See Haslam*, 194 N.E.3d at 147 (holding good time credit earned in home detention did not reduce time to be served on probation).

[11]  The State points to Indiana Code section 35-38-2-3(h), which provides that if an individual is found to have violated the terms of his probation, the trial court

> may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Indiana Code section 35-38-2-3(h) provides a potential avenue for continued supervision over Wyatt, *i.e.*, the possible extension of his probationary period for up to one year. As such, the trial court did not err in denying Wyatt's motion for an immediate release because the trial court could still exercise jurisdiction over Wyatt, and we affirm its decision.

## Conclusion

[12]  We affirm the trial court's denial of Wyatt's motion for emergency release from custody and remand for further proceedings on the State's petition to revoke Wyatt's probation.

Affirmed and remanded.


Mathias, J., and Bradford, J., concur.


ATTORNEY FOR APPELLANT

Robert J. Little
Tippecanoe County Public Defender
Lafayette, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Justin F. Roebel
Supervising Deputy Attorney General
Indianapolis, Indiana